Mary Ellen SIKES, Appellant,

v.

Enrique ZULOAGA and Allstate
Indemnity Company,
Appellees.

No. 3–91–258–CV.

Court of Appeals of Texas,
Austin.

May 6, 1992.

John R. Francis, Temple, for appellant.

Andy McSwain, Waco, for appellees.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

Appellant, Mary Ellen Sikes, brings this limited appeal from that portion of the lower court decision denying her attorney's fees from Allstate Indemnity Company (Allstate), based on an automobile insurance policy providing uninsured-motorist coverage. This case involves a personal injury suit arising from an auto accident between Sikes and Enrique Zuloaga, an uninsured driver. Sikes sued Zuloaga to prove liability and damages and joined Allstate as a party defendant for failure to pay promptly her claim under the policy. The jury found Zuloaga at fault and determined damages at $15,944.08, for which the court rendered judgment against Allstate. Sikes also requested attorney's fees from Allstate based on its failure to meet a contractual obligation. The attorney's fees issue was tried to the court, which found no basis for an award under Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (1986). We will affirm the decision of the district court.

### BACKGROUND

On July 31, 1990, Sikes was injured in an auto accident with an uninsured driver, Zuloaga. She hired an attorney who started discussing the case with Allstate around September 13, 1990. Some of these discussions concerned early filing of suit against Zuloaga and Allstate to facilitate the deposition of a witness who was moving out of town. According to Sikes, these discussions also concerned her claim against Allstate under the uninsured-motorist portion of her policy and were sufficient to serve as presentment of a claim under the statutory requirements. Eventually Sikes sent Allstate a formal demand letter on November 27, 1991, requesting $50,000 in dam-

ages. Allstate responded with a telephone offer of $10,000 to $15,000 in settlement, which all parties understood to be an offer of $15,000. The date of this call is unclear. Sikes and Allstate think the call probably occurred before the expiration of thirty days from the date of the demand letter, although Sikes's attorney also suggests that he might have received the call anytime before January 10, 1991. Regardless, Sikes rejected the Allstate offer in strong terms and eventually filed and tried this lawsuit.

## DISCUSSION AND HOLDING

Sikes presents fifteen points of error to this Court for review. These points complain of the findings of the trial court and its failure to award attorney's fees.

■ The requisites to recover for attorney's fees under the statute, as applicable to this case, are: 1) recovery of a valid claim in a suit on an oral or written contract; 2) representation by an attorney; 3) presentment of the claim to the opposing party or a representative of the opposing party; and 4) failure of the opposing party to tender payment of the just amount owed before the expiration of thirty days from the day of presentment. Tex.Civ.Prac. & Rem.Code Ann. §§ 38.001–.002 (1986).[1] All of these requisites must be met to recover attorney's fees under the statute. *See New Amsterdam Casualty Co. v. Texas Indus. Inc.*, 414 S.W.2d 914 (Tex.1967); *Davidson v. Suber*, 553 S.W.2d 430, 432 (Tex.Civ.App.1977, no writ).

■ In this case there has been neither proper presentment of a claim to the opposing party nor failure of the opposing party to tender payment of the just amount owed. "[A]n essential element to recovery of attorney fees under article 2226 is the existence of a duty or obligation which the opposing party has failed to meet." *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983).

Sikes's insurance policy, evidence in this case, contains limiting language in the uninsured-motorist provisions to the effect that the insurance will pay for only those damages which a covered person is "legally entitled to recover" from the owner/operator of an uninsured vehicle. The insurance company contends that this clause creates a *condition precedent* to any duty to pay under the policy. We agree.

"Conditions precedent to an obligation to perform are those acts or events ... that must occur before there is a right to immediate performance and before there is a breach of contractual duty." *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976) (citations omitted). In interpreting the clause "legally entitled to recover," as used in uninsured-motorist policies, the Texas Supreme Court has determined that "the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages...." *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792 (Tex.1974) (the court went on to hold, however, that affirmative defenses applicable to the uninsured motorist were not available to the insurance company under this language; *see also United Servs. Auto. Ass'n v. Blakemore*, 782 S.W.2d 277, 279 (Tex.App. 1989, writ denied).

■ Interpreting the clause in question to place a condition precedent upon recovery is also consistent with the law governing third-party recovery under a liability-insurance contract. A victim of an auto accident cannot make a claim against the liability insurance company of an insured driver until the victim establishes, by judgment or agreement, that the insured driver is legally obligated to pay damages. *State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex.1989). We find this reasoning applicable to Sikes's claim. We agree with Allstate that uninsured motorist coverage is designed to place the injured party in the same position as if the other motorist had been insured. *Greene v.*

---

**1.** The predecessor statute to section 38.001 was art. 2226 of the revised civil statutes which was codified without change as part of the Civil Practice and Remedies Code by Acts 1979, 66th Leg., p. 718, ch. 314, § 1.

*Great Am. Ins. Co.,* 516 S.W.2d 739, 743 (Tex.Civ.App.1974, writ ref'd n.r.e.).

Sikes erroneously relies on *State Farm Mutual Automobile Insurance Co. v. Matlock,* 446 S.W.2d 81 (Tex.Civ.App.1969), *aff'd in part, rev'd in part,* 462 S.W.2d 277, 278 (Tex.1970), to support her contention that no condition precedent exists. That case allowed an injured party to sue his insurance company directly for payment under the uninsured-motorist coverage without first suing the uninsured motorist. *Matlock,* however, does not remove all conditions precedent. In *Matlock,* liability was not contested. Further the supreme court in reversing held that to recover under the policy, the injured party still had to prove that the other motorist was uninsured and had to establish the amount of the damages. *Matlock,* 462 S.W.2d at 278.

In order to recover attorney's fees under section 38.001, the plaintiff must prove presentment of a contract claim to the opposing party and failure of that party to tender the just amount owed. *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1983). Where there is no duty to pay under the contract, there is no just amount owed. *See Western Cas. & Sur. Co. v. Preis,* 695 S.W.2d 579, 591 (Tex.App.1985, writ ref'd n.r.e.) (wherein the court found that, because there was no judgment against the insured, a *Stowers* demand letter to the insurance company could be presentment of only the negligence claim, not the contract claim, there being no debt yet owed). In this case, the record is clear that liability and damages relating to the collision were still in dispute until the rendition of the jury verdict against Zuloaga. Allstate had a right under the contract to have liability and the extent of damages determined by the trier of fact before they were obligated to pay under the policy. In such circumstances, the Texas Supreme Court has held that section 38.001 was not intended to penalize a party for asserting a purported right under a contract. *Ellis,* 656 S.W.2d at 905. The trial court acted properly in denying fees in this case since one of the statutory prerequisites had not been met.

## CONCLUSION

The district court was correct in finding a condition precedent to recovery under the uninsured-motorist provisions of the insurance contract. The court also correctly found that the condition precedent was not met and that Allstate therefore did not owe any amount to Sikes prior to the judgment in the case. Because there was no presentment of an unpaid claim, nor any failure to tender a just amount owed, the statutory requirements for awarding attorney's fees were not met and the district court correctly declined to award attorney's fees under the statute. Accordingly, we overrule all of Sikes's points of error and affirm the district court's judgment ordering that Sikes take nothing on her claim for attorney's fees in this case.

POWERS, J., not participating.