TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00115-CV






Kay Wiley, Appellant



v.



State Farm Mutual Automobile Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 96-13843, HONORABLE PETE LOWRY, JUDGE PRESIDING







 Kay Wiley was injured in an automobile collision caused by Satyn Kaura. (1) Unable
to recover her full damages from Kaura, Wiley sued Kaura's insurer, Farmers Texas County
Mutual Insurance Company ("Farmers"), and her own insurer, State Farm Mutual Automobile
Insurance Company ("State Farm") in separate suits. She settled with Farmers. After a trial to
the court based on stipulated facts, the district court found State Farm was liable to Wiley by
virtue of her uninsured/underinsured motorist policy, but denied her claim for attorney's fees
incurred pursuing a suit against Kaura's insurer to determine whether Kaura was insured. We will
affirm the judgment.

THE UNDERLYING DISPUTE


 The collision occurred in September 1993. Kaura's insurance carrier, Farmers,
initially did not compensate Wiley for her personal injuries. In October 1993, Wiley told State
Farm she intended to file claims under her policies for personal injury protection (PIP) and
uninsured/underinsured motorist benefits.

 Wiley sued Kaura in September 1995, recovering a default judgment on February
20, 1996; State Farm did not consent to that suit, nor did it agree that Kaura was liable for the
accident, that it was bound by a judgment rendered against Kaura, or that Wiley was entitled to
damages. After Wiley obtained a default judgment against Kaura on February 20, 1996, the
following events occurred in 1996:

 

February 23 Wiley demands that State Farm pay its policy limits under her
uninsured motorist policy.


March 20 State Farm informs Wiley it does not believe she has an uninsured
motorist claim; State Farm requests additional information to assess
the underinsured motorist claim.


April 10 Wiley reasserts coverage under her uninsured motorist policy and
advises State Farm that it has the burden of proving whether Kaura
was insured.


May 9 State Farm refuses to pay on the uninsured motorist policy because
Kaura was insured by Farmers.


June 10 Farmers denies coverage to Kaura for failing to notify it of Wiley's
suit.


June 17 Wiley informs State Farm of Farmers's refusal to pay, and demands
that State Farm pay its policy limits.


July 1 State Farm advises Wiley that it will handle her claim as an
uninsured motorist claim.



Wiley rejected State Farm's settlement offers that followed. In her petition, she alleged the
highest offer was $6000.

 On November 12, 1996, Wiley filed separate suits against Farmers and State Farm. 
In her suit against Farmers, she alleged she was a third-party beneficiary of Kaura's policy with
Farmers; Farmers settled, paying Wiley $20,000. In her suit against State Farm, she sought
recovery of the policy limits under her uninsured/underinsured motorist policy. Contending State
Farm had the burden to prove whether Kaura was insured, she also requested recompense for the
attorney's fees she incurred in her suit against Farmers. Though State Farm, in its original
answer, denied that Kaura was uninsured, it deleted that allegation in an amended answer. State
Farm disagreed that it was obligated to seek a judicial determination regarding Kaura's coverage
status.

 The district court found that Wiley had suffered $25,295.49 in damages from the
collision. The court found State Farm was entitled to an offset for the $20,000 Farmers paid to
Wiley as well as for $3972.31 State Farm had paid under her personal injury protection policy,
and rendered judgment for $1323.18 under her policy for her uncompensated damages. The
district court denied Wiley's claim for the $5887.50 in attorney's fees incurred suing Farmers.


ANALYSIS AND HOLDINGS


 Wiley contends that the district court erred by denying her claim for the attorney's
fees she incurred suing Kaura's insurer, Farmers. She contends that State Farm was contractually
bound to sue Farmers to prove Kaura's insured status. Wiley argues that State Farm's failure to
sue Farmers compelled her to sue Farmers herself; she contends that State Farm must compensate
her for the attorney's fees she incurred as a result. We review the denial of attorney's fees in a
breach-of-contract suit for an abuse of discretion. See ASAI v. Vanco Insulation Abatement, Inc.,
932 S.W.2d 118, 123 (Tex. App.--El Paso 1996, no writ).

 Normally, to recover attorney's fees in a suit against the insurer on an insurance
contract, the claimant must show she recovered a valid claim in a suit on a contract, was
represented by an attorney, presented the claim to the opposing party, and had the opposing party
fail to tender the amount owed before thirty days expire after presentment. See Sikes v. Zuloaga,
830 S.W.2d 752, 753 (Tex. App.--Austin 1992, no writ). Sikes also involved a claim against an
uninsured motorist, Zuloaga, and the carrier of Sikes's uninsured motorist policy, Allstate. In
Sikes, we held that Allstate did not breach an obligation to pay on the uninsured-motorist policy
because, until the court's judgment established her damages, Allstate had no obligation to pay. 
See id. at 753-54. Finding no breach of contract, the court declined to award Sikes attorney's
fees. Id.

 We conclude that the trial court did not err by declining to award Wiley attorney's
fees from State Farm. Though the trial court found State Farm liable to Wiley on the underinsured
motorist policy, the court did not find a breach of contract; that failure to find is not challenged. 
The record shows that State Farm had no obligation to pay Wiley under the policy until the
damages were established in this suit. The record also supports the trial court's rejection of
Wiley's contention that State Farm breached a duty established by the policy provision that states,
"If we and you do not agree as to whether or not the vehicle is actually uninsured, the burden of
proof as to that issue shall be on us." Though Wiley contends this provision obligated State Farm
to sue Farmers to prove Kaura's insured status, the provision lacks an express requirement that
State Farm sue anyone. Nor do we find an implied requirement to sue, because State Farm could
carry its burden of proof numerous ways other than suing the supposed insurer of the other party. (2) 
The policy provision allocates the burden in a dispute between the contractual parties, but does
not create an affirmative duty to sue others. Because the contract did not impose a duty on State
Farm to sue Farmers, the trial court did not abuse its discretion by declining to assess against State
Farm the attorney's fees Wiley incurred in suing Farmers.

CONCLUSION


 Though Wiley's suit against Farmers reduced State Farm's liability to Wiley from
$20,000 to just over $5000, that fact does not require a finding that State Farm breached a
contractual duty to her by not undertaking the suit against Farmers that reduced its liability. 
Because evidence supports the conclusion that State Farm did not breach the insurance contract
by not suing Farmers, we conclude that the district court did not abuse its discretion by declining
to award attorney's fees to Wiley on a breach-of-contract theory. We affirm the judgment of the
district court.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: April 1, 1999

Do Not Publish

1. Though Kaura's first name is spelled "Satyin" in some documents, we defer to the spelling
"Satyn" used in the stipulations and the judgment. 
2. We note that a case both parties cite, State Farm Mutual Automobile Insurance Company v.
Matlock, 462 S.W.2d 277 (Tex. 1970), is inapposite for at least three reasons. First, Matlock was
premised on the assertion that "Texas has not had an occasion to allocate the burden of proving
the uninsured status of an operator in direct actions by an insured against his insurer," but the
legislature since has assigned that burden to the insurer. Compare id. at 278 with Tex. Ins. Code
Ann. art. 5.06-1, § 7 (burden of proof placed on insurer by Act of May 6, 1977, 65th Leg., R.S.,
ch. 182, § 1(7), 1977 Tex. Gen. Laws 370, 371). Second, though both suits concern whether a
party carried its burden of proving the insured status of the other motorist, Matlock concerned
whether the insured carried the burden within the trial, but in the case before us the parties
stipulated at trial that the insured's claim was under the underinsured motorist policy. See
Matlock, 462 S.W.2d at 278-279. As for Wiley's insistence that State Farm had the burden to sue
another party to prove Kaura's insurance status, the Matlock court did not decide whether the
insured, on whom the court placed the burden of proof, had to sue to prove the other driver's
insured status in order to carry its burden of proof. See id. 


 suit against the insurer on an insurance
contract, the claimant must show she recovered a valid claim in a suit on a contract, was
represented by an attorney, presented the claim to the opposing party, and had the opposing party
fail to tender the amount owed before thirty days expire after presentment. See Sikes v. Zuloaga,
830 S.W.2d 752, 753 (Tex. App.--Austin 1992, no writ). Sikes also involved a claim against an
uninsured motorist, Zuloaga, and the carrier of Sikes's uninsured motorist policy, Allstate. In
Sikes, we held that Allstate did not breach an obligation to pay on the uninsured-motorist policy
because, until the court's judgment established her damages, Allstate had no obligation to pay. 
See id. at 753-54. Finding no breach of contract, the court declined to award Sikes attorney's
fees. Id.

 We conclude that the trial court did not err by declining to award Wiley attorney's
fees from State Farm. Though the trial court found State Farm liable to Wiley on the underinsured
motorist policy, the court did not find a breach of contract; that failure to find is not challenged. 
The record shows that State Farm had no obligation to pay Wiley under the policy until the
damages were established in this suit. The record also supports the trial court's rejection of
Wiley's contention that State Farm breached a duty established by the policy provision that states,
"If we and you do not agree as to whether or not the vehicle is actually uninsured, the burden of
proof as to that issue shall be on us." Though Wiley contends this provision obligated State Farm
to sue Farmers to prove Kaura's insured status, the provision lacks an express requirement that
State Farm sue anyone. Nor do we find an implied requirement to sue, because State Farm could
carry its burden of proof numerous ways other than suing the supposed insurer of the other party. (2) 
The policy provision allocates the burden in a dispute between the contractual parties, but does
not create an affirmative duty to sue others. Because the contract did not impose a duty on State
Farm to sue Farmers, the trial court did not abuse its discretion by declining to assess against State
Farm the attorney's fees Wiley incurred in suing Farmers.

CONCLUSION


 Though Wiley's suit against Farmers reduced State Farm's liability to Wiley from
$20,000 to just over $5000, that fact does not require a finding that State Farm breached a
contractual duty to her by not undertaking the suit against Farmers that reduced its liability. 
Because evidence supports the conclusion that State Farm did not breach the insurance contract
by not suing Farmers, we conclude that the district court did not abuse its discretion by declining
to award attorney's fees to Wiley on a breach-of-contract theory. We affirm the judgment of the
district court.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: April 1, 1999

Do Not Publish

1. Though Kaura's first name is spelled "Satyin" in some documents, we defer to the spelling
"Satyn" used in the stipulations and the judgment. 
2. We note that a case both parties cite, State Farm Mutual Automobile Insurance Company v.
Matlock, 462 S.W.2d 277 (Tex. 1970), is inapposite for at least three reasons. First, Matlo