11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Sharon Menix

Appellant

Vs.                   No.
11-01-00068-CV  B Appeal from Dallas County

Allstate Indemnity
Company

Appellee

 

This is an
appeal by Sharon Menix from a judgment in her favor against Allstate Indemnity
Company for uninsured/underinsured motorist (UIM) benefits.  In four issues, Menix contends that the
trial court erred in failing to award her prejudgment interest, to allow her to
amend her pleadings for attorney=s fees, to award her attorney=s fees, and to award her postjudgment interest.  We affirm in part, and reverse and remand in
part.

Menix sued
Tonya Swedlund, the underinsured tortfeasor, and Allstate.  After settling with Swedlund for her policy
limit of $20,000.00, Menix continued her suit against Allstate for UIM
benefits.  Prior to a jury trial, Menix
and Allstate stipulated that: (1) Swedlund was the sole proximate cause of the
automobile accident in which Menix was injured; (2) Swedlund=s policy limit of $20,000.00 had been tendered
to Menix; (3) Allstate had tendered $2,500.00 in personal injury protection
benefits to Menix; and (4) Allstate would be liable for all damages over
$22,500.00 up to $42,500.00 (Menix=s UIM policy limit was $20,000.00). 









The jury
awarded actual damages to Menix totaling $27,800.00.  After the jury=s verdict, Menix requested prejudgment interest and attorney=s fees. 
Allstate objected on the grounds that Menix=s pleadings did not contain a request for
attorney=s fees and that Menix was not entitled to
prejudgment interest or attorney=s fees as a matter of law. 
Menix filed a post-trial motion for leave to amend her pleadings to
include a request for attorney=s fees.  The trial court denied
Menix=s motion and her requests for prejudgment
interest and attorney=s
fees.  The trial court=s judgment awarded Menix $27,800.00 in
damages but allowed Allstate a settlement credit of $22,500.00 for the
$20,000.00 paid by Swedlund and the $2,500.00 in personal injury protection
benefits paid by Allstate.  The trial
court thus rendered judgment in favor of Menix for $5,300.00.  The judgment also provided that no
prejudgment interest or attorney=s fees were awarded.

Prejudgment
Interest

In her
first issue, Menix argues that the trial court erred in refusing to order
Allstate to pay prejudgment interest which was within the $20,000.00 UIM
benefits limit provided in Menix=s automobile policy with Allstate. 
Two types of prejudgment interest may be involved in a UIM benefits
case.  We will refer to the first type
as Cavnar-type prejudgment interest because of its genesis in Cavnar v.
Quality Control Parking, Inc., 696 S.W.2d 549 (Tex.1985).  In Cavnar, the court adopted a rule
allowing recovery of prejudgment interest on personal injury, wrongful death,
and survival actions.  The court
reasoned that prejudgment interest was due as additional damages from
the tortfeasor because the Aprimary objective of awarding damages in civil actions has always been
to compensate the injured plaintiff, rather than to punish the defendant.@ Id. at 552. 
Subsequently, the Texas Legislature codified the Cavnar
rule.  The statutory rule is now found
in TEX. FIN. CODE ANN. ' 304.102 (Vernon Supp. 2002):

A judgment
in a wrongful death, personal injury, or property damage case earns prejudgment
interest.

 

The other
type of prejudgment interest is based not on the tortfeasor=s obligations, but upon the insurance
companies= obligations.[1]  We will refer to this second type as Henson-type  prejudgment interest because it is the type
of prejudgment interest that was involved in Henson v. Southern Farm Bureau
Casualty Insurance Company, 17 S.W.3d 652 (Tex.2000).  The Henson court emphasized the difference between the two
types of prejudgment interest:








But Henson
conflates two prejudgment interest concepts. 
There is no doubt that if Henson were recovering directly from Contreras
[the tortfeasor], the judgment would include prejudgment interest.  And the insurers do not dispute that had the
trial court awarded prejudgment interest against the tort defendants, the
insurers would be obligated to pay the entire judgment including that portion
awarded for prejudgment interest, to the extent of policy limits.  But here, Henson is seeking to recover
prejudgment interest based not on the tortfeasor=s obligations, but upon the insurance companies= obligations.  Unlike the relationship between Henson and Contreras, which is
that of injured party and tortfeasor, the relationship between Henson and the
insurers is that of contracting parties. 
Consequently, their respective duties are established by the contract.

 

Id. at 653.

In Henson,
the jury found that Contreras was solely responsible for the collision and
fixed Henson=s damages at $133,842.13, far in excess of the
UIM benefits of $45,000.00 available to Henson.   Because the damages already exceeded the $45,000.00 UIM benefits
limit, there was no reason to calculate the additional damages of Cavnar-type
prejudgment interest.  Henson was
seeking the $45,000.00 policy limit plus additional prejudgment interest.  Prejudgment interest in Henson could
only be sought based on an obligation of the insurance company other than its
contractual obligation to pay UIM benefits for damages caused by the tortfeasor
which were above the tortfeasor=s insurance policy limits and within the insured=s UIM benefits limit.

As opposed
to the facts in Henson, Menix=s policy limit for UIM benefits exceeded the amount of actual damages
the jury found that Swedlund, the tortfeasor, caused.  The supreme court has reaffirmed that Cavnar-type
prejudgment interest is to be viewed Aas additional damages.@ Columbia Hospital Corporation of Houston v. Moore, 45 Tex. Sup. Ct. J.
957, 958 (June 27, 2002); Johnson & Higgins of Texas, Inc. v. Kenneco Energy,
Inc., 962 S.W.2d 507, 528-29 (Tex.1998). 
Menix=s insurance policy with Allstate provided
coverage as follows:

We [Allstate] will pay damages which a
covered person is legally entitled to recover  from the owner or operator of an uninsured/underinsured motor
vehicle because of bodily injuries. 
(Emphasis added)

 

We find that Menix was
entitled to the additional damages of Cavnar-type prejudgment interest
on the $27,800.00  to the extent that
such additional damages do not exceed Menix=s UIM policy limit of $20,000.00. 
We sustain Menix=s first issue.

Attorney=s Fees








In her
second issue, Menix argues that the trial court erred in denying her
post-verdict motion for leave to amend her pleadings to include a request for
attorney=s fees. 
Her amended pleading based the request for attorney=s fees on TEX. CIV. PRAC. & REM. CODE
ANN. ' 38.001 et seq. (Vernon 1997) and on TEX.
INS. CODE ANN. art. 21.55 (Vernon Pamph. Supp. 2002).  Allstate filed a motion in opposition to Menix=s post-verdict request for leave to amend her
pleadings and filed a written objection to Menix=s request for attorney=s fees.  Allstate claimed that
Menix had failed to request attorney=s fees in her pleadings, that Allstate had timely objected to the
omission, and that attorney=s fees were unavailable to Menix as a matter of law.  The trial court ruled that Menix could put
on evidence of attorney=s fees.  Allstate then
stipulated to the reasonableness of the fees but emphasized its position that
Menix was not entitled to attorney=s fees.

A trial
court=s denial of leave to file a post-verdict
amended pleading is reviewed under an abuse of discretion standard.  Wal-Mart Stores, Inc. v. McKenzie, 997
S.W.2d 278, 280 (Tex.1999). Under TEX.R.CIV.P. 63 and 66, a trial court has no
discretion to refuse an amendment unless (1) the opposing party presents
evidence of surprise or prejudice, or (2) the amendment contains the assertion
of a new cause of action or defense and, thus, is prejudicial on its face, and
the opposing party objects to the amendment. 
Greenhalgh v. Service Lloyds Insurance Company, 787 S.W.2d 938, 939
(Tex.1990); Hardin v. Hardin, 597 S.W.2d 347 (Tex.1980); Resolution Trust Corporation
v. Cook, 840 S.W.2d 42, 46 (Tex.App. B Amarillo 1992, writ den=d); Whole Foods Market Southwest, L.P. v. Tijerina, 979 S.W.2d 768
(Tex.App. B Houston [14th Dist.] 1998, pet=n den=d).  The burden of showing
prejudice or surprise rests on the party resisting the amendment.  Greenhalgh v. Service Lloyds Insurance
Company, supra at 939.  Allstate
contends that it was not required to offer evidence to demonstrate how it was prejudiced
or surprised because Menix=s proposed amended pleading containing the new claim for attorney=s fees was prejudicial on its face, and
Allstate objected to the amendment. 
Greenhalgh v. Service Lloyds Insurance Company, supra; Hardin v. Hardin,
supra.  We agree.








When an
amended pleading is prejudicial on its face and the trial court denied leave to
file the amended pleading, the burden shifts to the party who offered the
amended pleading to clearly demonstrate on appeal that the trial court abused
its discretion.  Hardin v. Hardin, supra
at 349-50; Favor v. Hochheim Prairie Farm Mutual Insurance Association, 939
S.W.2d 180, 181-82 (Tex.App. B San Antonio 1996, writ den=d).  Menix=s amended pleading was prejudicial on its
face.  It set forth a new claim, one for
attorney=s fees, and based that claim on TEX. CIV. PRAC.
& REM. CODE ' 38.001 et seq. and TEX. INS. CODE art.
21.55.  Prior to the jury verdict, Menix=s pleadings gave no notice that Menix would
claim attorney=s fees. 
The burden shifted to Menix on appeal to clearly demonstrate that the
trial court abused its discretion in denying leave to file the amended
pleading.  Menix has failed to clearly
prove an abuse of discretion. 
Therefore, this court is Aobligated to presume the trial court properly exercised its discretion@ in denying Menix leave to file the amended
pleading.  Favor v. Hochheim Prairie
Farm Mutual Insurance Association, supra at 182.  There is an additional reason for finding that the trial court
did not abuse its discretion in denying Menix=s post-verdict amended pleadings. 
As will be discussed under Menix=s third issue, Menix was not entitled to attorney=s fees as a matter of law.  We overrule Menix=s second issue.

In her
third issue, Menix claims that the trial court erred in failing to award her
attorney=s fees on her contractual claim for UIM
benefits.  To be entitled to an award of
attorney=s fees, a party must file an affirmative
pleading requesting them.  Swate v.
Medina Community Hospital, 966 S.W.2d 693, 701 (Tex.App. B San Antonio 1998, pet=n den=d); R. Conrad Moore & Associates, Inc. v. Lerma, 946 S.W.2d 90, 96
(Tex.App. B El Paso 1997, writ den=d). 
Menix did not plead for an award of attorney=s fees, and the trial court denied her motion
for leave to file an amended pleading. 
The trial court did not err in failing to award Menix attorney=s fees because that claim was not supported
by an affirmative pleading.








Even if we
are in error in affirming the trial court=s denial of Menix=s attempt to amend her pleadings to request attorney=s fees based on TEX. CIV. PRAC. & REM.
CODE ' 38.001 or TEX. INS. CODE art. 21.55, we hold
that Menix was not entitled to attorney=s fees as a matter of law.  We
recognize that the courts of appeals which have addressed claims for attorney=s fees under Section 38.001 are split.  Two courts held that a claimant for UIM
benefits was not entitled to attorney=s fees where the insurance company promptly paid the claim for UIM
benefits after a judicial determination of the uninsured/underinsured motorist=s fault and the amount of damages.  Sprague v. State Farm Mutual Automobile
Insurance Co., 880 S.W.2d 415, 416-17 (Tex.App. B Houston [14th Dist.] 1993, writ den=d); Sikes v. Zuloaga, 830 S.W.2d 752, 754 (Tex.App. B Austin 1992, no writ). Three courts held
that a claimant for UIM benefits was entitled to attorney=s fees. 
Allstate Insurance Company v. Lincoln, 976 S.W.2d 873, 875-76 (Tex.App. B Waco 1998, no pet=n); Whitehead v. State Farm Mutual Automobile
Insurance Company, 952 S.W.2d 79, 89 (Tex.App. B Texarkana 1997), rev=d on other grounds, 988 S.W.2d 744 (Tex.1999); Novosad v.
Mid-Century Insurance Company, 881 S.W.2d 546, 552 (Tex.App. B San Antonio 1994, no writ).  All five courts recognized that the
following elements are required for the recovery of attorney=s fees under Section 38.001:

(1)
recovery of a valid claim in a suit on a written or oral contract;

 

(2)
representation by an attorney;

 

(3)
presentment of the claim to the opposing party; and

 

(4)
failure of the opposing party to tender payment of the just amount owed within
30 days of presentment.

 

See TEX. CIV. PRAC. &
REM. CODE ' 38.002.

The sole
issue on appeal in both Sikes and Sprague was whether the trial
courts erred in denying attorney=s fees to the UIM benefits claimant. 
In both cases, the insurer promptly paid the UIM benefits after a
judicial determination of the uninsured/underinsured motorist=s fault and the claimant=s damages. 
The Sikes court and the Sprague court interpreted the
contractual UIM benefits language requiring the insurer to Apay damages which a covered person is legally
entitled to recover@ as a
condition precedent to any duty by the insurer to pay UIM benefits under the
policy.  To satisfy the condition
precedent, the UIM benefits claimant had to first obtain a judicial
determination of the fault of the uninsured motorist and of the amount of the
claimant=s damages. 
Until the condition precedent was satisfied, there was no duty requiring
the insurer to pay UIM benefits under the contract.  Therefore, there was no Ajust amount owed@ and no failure by the insurer to tender a just amount owed.  Sprague v. State Farm Mutual Automobile
Insurance Co., supra at 416-17; Sikes v. Zuloaga, supra at 753-54.  The Sikes court also reasoned that
there could not be a proper presentment of a claim to the insurer, the third
requirement of Section 38.001, until the condition precedent had been met.  Sikes v. Zuloaga, supra at 753-54.[2]








Novosad v.
Mid-Century Insurance Company, supra, distinguished Sikes.  The Novosad court noted that, for a
proper presentment of a UIM benefits claim to exist, the insurance company must
have some liability under the contract. 
The court emphasized that liability of the insurer was in issue in Sikes,
but liability of the insurer was not in issue in Novosad because:

[Mid-Century] stipulated that the payment by
the underinsured motorist was only a partial payment of Novosad=s damages. 
Mid-Century effectively stipulated that they owed something to
Novosad, the only question was how much was owed under the contract.  (Emphasis in original)

 

Novosad v. Mid-Century
Insurance Company, supra at 552.  The Novosad
court held, therefore, that the claimant had presented an unpaid contractual
claim and the insurer had failed to tender a just amount owed.  Id. at 551-52.  Satisfaction of the condition precedent was stipulated to by
Mid-Century according to the Novosad court, even though the amount of
damages caused by the underinsured motorist had not been judicially
determined.  The courts in Lincoln
and Whitehead cited Novosad and allowed the claimant attorney=s fees even though the insurance companies in
those cases denied that they had any liability for UIM benefits until the
condition precedent was satisfied.  We
decline to follow Lincoln, Whitehead, and Novosad.  

Allstate
promptly tendered the $5,300.00 to Menix when the trial court rendered
judgment.  We hold that Allstate does
not owe attorney=s fees to Menix because there was no Ajust amount owed@ by Allstate to Menix until the condition
precedent in the contract was satisfied. 
Sprague v. State Farm Mutual Automobile Insurance Co., supra; Sikes v.
Zuloaga, supra.  Our reliance on Sikes
and Sprague is supported by the Henson court=s interpretation of the phrase Alegally entitled to recover@ as creating a condition precedent to any
obligation of the insurance company to pay UIM benefits.  See Franco v. Allstate Insurance Company,
505 S.W.2d 789, 792 (Tex.1974); Keith Langston, Is Your UIM Policy in Texas AWorth Less?@: Henson v. Texas Farm Bureau Mutual
Insurance Co., 53:1 BAYLOR
L. REV. 229 (2001). 

Menix
argues that Allstate is liable for attorney=s fees under the mandatory provision of Article 21.55, section 6 of the
Texas Insurance Code.  According to
Allstate Insurance Company v. Bonner, 51 S.W.3d 289, 291 (Tex.2001), a claimant
must establish three elements to be entitled to attorney=s fees under Article 21.55, section 6:

(1) a
claim under an insurance policy;








(2) that the insurer is
liable for the claim; and

 

(3) that
the insurer has failed to follow one or more sections of article 21.55 with
respect to the claim.

 

Bonner
sued Allstate to recover UIM benefits, penalties, and attorney=s fees under Article 21.55.  Allstate stipulated that it had failed to
comply with Article 21.55 because it did not acknowledge receipt of Bonner=s demand within 15 days.  It was undisputed, however, that Allstate
had already paid Bonner $1,619.00 in personal injury protection (PIP)
benefits.  The jury awarded $1,000.00 in
damages to Bonner.  The insurance policy
contained a nonduplication-of-benefits provision.  The Bonner court held that Allstate was not liable to
Bonner for any UIM benefits because she did not prove more in damages than
Allstate had already paid in PIP benefits. 
Noting that Allstate=s stipulation only satisfied the third element of noncompliance, the Bonner
court reasoned that Bonner had not established a claim under her policy and,
therefore, she was not entitled to penalties and attorney=s fees:

Bonner=s claim, made pursuant to her insurance
policy, is contractual in nature.  See
Henson v. S. Farm Bureau Cas. Ins. Co., 17 S.W.3d 652, 653-54 (Tex. 2000).  To establish a claim under the policy,
Bonner had to prove not only that an uninsured or underinsured driver negligently
caused the accident that resulted in her covered damages, but also that all
applicable policy provisions were satisfied. 
See  id.; State Farm Mut. Auto.
Ins. Co. v. Grayson, 983 S.W.2d 769, 770 (Tex.App. B San Antonio 1998, no pet.). 

 

Id. at 291-92.  Although it did not use the term Acondition precedent,@ the Texas Supreme Court in Bonner
made it clear that the condition precedent had not been satisfied:

Although
Allstate failed to acknowledge Bonner=s claim within fifteen days,  Bonner
has not presented a claim under her insurance policy for which Allstate is
liable.  As a consequence, Bonner cannot
recover attorney=s fees under Insurance Code article 21.55,
section 6.  (Emphasis added)

 

  Id. at 292.








The Bonner
court indicated, however, that attorney=s fees might have been awarded under Article 21.55 had Bonner
established that her damages entitled her to UIM benefits.  Distinguishing Dunn v. Southern Farm Bureau
Casualty Insurance Company, 991 S.W.2d 467 (Tex.App. B Tyler 1999, pet=n den=d), the Bonner court said:

[Dunn] did not involve a UM claim for
which the insurer was not liable under the policy.  Instead, the insured=s UM claim exceeded the previously paid PIP benefits, and the insurer
in Dunn was liable for $220,000 in actual damages.  See Dunn, 991 S.W.2d at 470.  As a consequence for delaying acknowledgment
and payment of a claim for which it was liable, the insurer in Dunn was
subject to the section 6 penalties.  See
id. at 478.  By contrast, because
Allstate is not liable for Bonner=s UM claim, its failure to acknowledge receipt of that claim within
fifteen days does not subject it to the penalties in article 21.55, section 6.

 

Allstate Insurance
Company v. Bonner, supra at 292.

The Bonner
court thus indicated that a claim can be presented to an insurer even though
the condition precedent for UIM benefits has not been satisfied.  Cf. Sikes v. Zuloaga, supra (no proper
presentment of a claim until the condition precedent is satisfied).  Two courts have held that, if the insurer
fails to follow the procedures of Article 21.55 after a claim for UIM benefits
is presented, it may be liable under Section 6 for 18 percent per annum of the
UIM benefits claim as damages, plus reasonable attorney=s fees. 
In Dunn, the insurer failed to document, as required by Article
21.55, its verbal acknowledgment of the claim by recording the date that the
claim was made.  In Northwestern
National County Mutual Insurance Company v. Rodriguez, 18 S.W.3d 718 (Tex.App. B San Antonio 2000, pet=n den=d), the insurer failed to timely notify, as required by Article 21.55,
the insured of its inability to accept or deny the UIM benefits claim.  Both courts noted that Article 21.55 is
premised on the presumption that carriers have the right to dispute claims;
Article 21.55 merely requires that an insurance company dispute or deny a claim
promptly.  Dunn v. Southern Farm Bureau
Casualty Insurance Company, supra at 474; Northwestern National County Mutual
Insurance Company v. Rodriguez, supra at 721. 
The insurer in Wellisch v. United Services Automobile Association, 75
S.W.3d 53 (Tex.App. B San
Antonio 2002, pet=n
filed), initally denied liability for UIM benefits on the basis that the
condition precedent had not been satisfied. 
The insurer in Wellisch complied with the provisions of Article
21.55.  The Wellisch court held
that the insurer was not liable for attorney=s fees even though the claimant was ultimately found to be legally
entitled to UIM benefits.








Menix
argues that she is entitled to attorney=s fees under Article 21.55, section 6, because, unlike Bonner,
she proved that her damages entitled her to $5,300.00 in UIM benefits.  We disagree. Menix failed to produce any
evidence that Allstate failed to comply with Article 21.55.  Until there was a judicial determination
that Swedlund was liable and that Menix=s damages were $27,800.00, Allstate had no duty to pay Menix UIM
benefits.  By tendering payment to Menix
immediately after the judicial determination of Swedlund=s liability and Menix=s damages, Allstate complied with the payment
provisions of Article 21.55.  Wellisch
v. United Services Automobile Association, supra.

Allstate
did not owe attorney=s fees
under Section 38.001 because there was no Ajust amount owed@ as required by Section 38.002. 
Sprague v. State Farm Mutual Automobile Insurance Co., supra; Sikes v.
Zuloaga, supra.  Allstate did not owe
attorney=s fees under Article 21.55 because there is
no evidence that Allstate failed to comply with the requirements of Article
21.55.  We overrule Menix=s third issue.

Postjudgment
Interest

In her
fourth issue, Menix argues that she is entitled to postjudgment interest.  Allstate agrees.  We sustain Menix=s fourth issue.

This
Court=s Ruling

We reverse
and remand for a determination by the trial court of the Cavnar-type
prejudgment interest and the postjudgment interest due to Menix from
Allstate.  In all other things,
including the denial of attorney=s fees, the judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

July 25, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.

 

[1] See, for example, the obligations imposed on
insurance companies in TEX. INS. CODE ANN. arts. 21.21 &  21.55 (Vernon 1981, Supp. 2002, & Pamph
Supp. 2002).

[2]Whether a claim can be presented prior to satisfaction
of the condition precedent also has significance under Article 21.55. 

 

 











[1] See, for example, the obligations imposed on
insurance companies in TEX. INS. CODE ANN. arts. 21.21 &  21.55 (Vernon 1981, Supp. 2002, & Pamph
Supp. 2002).





[2] Whether a claim can be presented prior to satisfaction
of the condition precedent also has significance under Article 21.55.