JERRY E. SMITH, Circuit Judge,
dissenting in part:
I would affirm the judgment. I concur in the majority opinion in regard to the coverage issue, but I respectfully dissent from part III.B, regarding the duty to protect property, because the majority finds ambiguity in the contract where there is none; it misinterprets Texas case-law and policy; and it misapplies the abuse of discretion standard.
I.
We review jury instruction for abuse of discretion. See, e.g., Fiber Sys. Int’l v. Roehrs, 470 F.3d 1150, 1158 (5th Cir.2006). A properly-objected-to instruction should not be reversed unless, as a whole, it does not correctly reflect the law. United States v. Stephens, 779 F.2d 232, 241 (5th Cir.1985). Because here the instruction as a whole correctly reflects the law, we should affirm.
Fairness requires we begin with the text of the instruction. Interrogatory 3 reads, “Do you find from a preponderance of the evidence that Plaintiffs failed (1) to protect their property from further damage and (2)to make reasonable and necessary repairs to protect their property from further damage?” The jury answered “Yes,” so judgment was entered in favor of the insurer (“State Farm”).
It is important to quote the instruction as a whole, because it follows the duties imposed by the insurance contract on the plaintiffs, Javier and Eva Carrizales. The instruction tracks the language found in the “Duties After Loss” section of the contract, which provides in part as follows:
SECTION 1 — CONDITIONS
3. Duties After Loss. a. Your Duties After Loss. In case of a loss to covered property caused by a peril insured against, you must:
(1) give prompt notice to us of the facts relating to the claim.
(2) notify the police in case of loss by theft.
(3) (a) protect the property from further damage.
(b) make reasonable and necessary repairs to protect the property.
(4) furnish a complete inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills, receipts and related documents which you have that justify the figures in the inventory.
(5) as often as this company reasonably requires:
(a) provide this company access to the damaged property.
(b) provide this company with pertinent records and documents requested and permit copies to be made.
*354 (c) submit to examination under oath and sign and swear to it.
* * *
(11) Suits Against Us. No suit or action can be brought unless the policy provisions have been complied with ....
II.
The issue is whether Duty (3) is a condition precedent. Because the Texas Supreme Court has not ruled on that issue, we must make an “ü/ne-guess” as to what that court would do. Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 406 (5th Cir. 2004).
The proper starting point is the text of the contract, because insurance contracts are subject to the normal rules of contract construction. Nat’l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex.1995). “The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument.” Id. (emphasis added). All parts of the contract are read together to give effect to the intent of the parties. State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995). The majority, in its discussion of mold, recognizes this and goes so far as to quote the Texas Supreme Court for the proposition that we are to be “particularly wary of isolating from its surrounding or considering apart from other provisions a single phrase, sentence, or section of a contract” (quoting Beaston, 907 S.W.2d at 433). The majority, however, seems unmoved by the text of the contract[1] with regard to the “Duties After Loss” and, instead of discussing it, immediately turns to what we do in the face of an ambiguity.[2]
“Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty.” Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex.1976). The text of the instant contract is without ambiguity: Duty (11) requires insureds to comply with the “Duties After Loss” section before suing; otherwise, “[n]o suit or action can be brought.” In other words, before State Farm was required to pay under the contract, and therefore before it could breach the contract, plaintiffs were required to comply with Duty (3). The majority, to the contrary, reads Duty (3) out of its context and thereby reads the compliance provision out of the contract entirely.
There is no ambiguity in the requirement to protect property from further damage, so I would give effect to the intent of the parties and would hold Duty (3) to be a condition precedent to suit. The majority does not say why it departs from the plain language of the contract and fails to give effect to the intent of the parties.
III.
Maybe the key that unlocks the majority’s anti-textualist reading of the contract is to be found in Texas cases and the policy underlying them. The Texas Su *355 preme Court has been fairly silent on the “Duties After Loss” section except with respect to the notice requirement. When one looks to Texas caselaw, what emerges is a story quite different from the majority’s.
In Delta Lloyds Insurance Co. v. Southwest Savings Association, 559 S.W.2d 372, 375 (Tex.Civ.App. — Dallas 1977, writ ref'd n.r.e.), the
policy required the insured to “give immediate notice to this Company of any loss (and) protect the property from further damage .... ” Special issue number twelve was submitted in the following form:
Do you find from a preponderance of the evidence that the loss in question was caused, directly or indirectly, by the neglect of Plaintiff to use all reasonable means to save and preserve the property at and after a loss that the property may have sustained prior to the loss in question and subsequent to December 15,1973?
ANSWER: “We Do” or ‘We Do Not”
ANSWER: We do.
We hold that this finding establishes a breach of the policy by Southwest and, therefore, precludes its recovery.
This decision from a state court of appeals is directly on point and is not an aberration from other Texas courts’ characterization of the remaining “Duties After Loss,” but the majority overlooks it.
The first duty the contract imposes on insureds requires that they “give prompt notice to [the insurance company] of the facts relating to the claim.” Texas courts have held this requirement is a condition precedent.[3]
Insureds are next required to “notify the police in case of loss by theft.” The majority cites Lambrecht & Assoc. v. State Farm Lloyds, 119 S.W.3d 16 (Tex.App.—Tyler 2003, no pet.), for the proposition that this section is not a condition precedent. There insureds filed a claim for lost income because a hacker had unlawfully broken into their computer system and released a virus. Id. at 19. State Farm argued that, because the insureds had failed to notify the police, they were barred from recovery. The court held that “this provision in the policy does not create a condition precedent because it does not condition payment of a covered loss on contacting the police if a law was broken.” Id. at 26. The question was not whether contacting the police in case of loss by theft was a condition precedent; instead, and quite reasonably, the court merely refused to extend the police notice requirement to all instances of law-breaking.
The majority cites Beacon National Insurance Co. v. Glaze, 114 S.W.3d 1 (Tex. App.—Tyler 2003, pet. denied), for the proposition that the record-keeping requirement is not a condition precedent. In that ease, the appeals court upheld the trial court’s determination that whether insureds needed to submit written records was ambiguous and therefore was a not a condition precedent under the principle of contra proferentem,. Id. at 4. The insurance company contended that insureds had a duty to provide written documentation and receipts of repair expenses. Id. at 2. The insureds countered that Duty (5)(c) seemed to allow oral statements under oath in addition to receipts and written documentation. Id. at 4. The court of *356 appeals agreed that the requirement was ambiguous with respect to what kinds of documentation were required. The court therefore held that failure to provide written documentation was not a condition precedent, because insureds arguably could satisfy the duty with a statement under oath. Id. Beacon does not stand for the proposition that record-keeping is not a condition precedent, but only that the method of keeping said record is ambiguous.
The next provision requires insureds to provide a complete inventory of damaged personal property. In de Laurentis, 162 S.W.3d at 721, the court said that “[w]e conclude the Insurer waived the requirement for the personal property inventory .... The condition precedent having been waived, the Policy holder is not barred from recovery .... ” If an insurer can waive a condition precedent, it necessarily follows that what was waived was a condition precedent. In other words, the inventory provision too is a condition precedent.
The final section requires insureds to “submit to examination under oath and sign and swear to it.” This is a condition precedent. Trahan v. Fire Ins. Exch., 179 S.W.3d 669, 674 (Tex.App.—-Beaumont 2005, no pet.).
The caselaw being unhelpful to it, the majority turns to treatises, but even here the panel has no friends. The duty to protect property is “absolute, and is a condition precedent to recovery.” 6 John A. ApplemaN, InsuRANoe Law and PRACTICE § 3980 (1972).
The majority reasons, however, that the duty is not a condition precedent but an offset to damages. The majority bases this notion in general contract principles, the Texas Rules of Civil Procedure, and the Texas Deceptive Trade Practices Act. It must do this because the contract, the cases, and the treatises all disagree with its position.
No case relied on by the majority declares any provision of the “Duties After Loss” section not to be a condition precedent, and the secondary literature indicates that it is. A district judge, surveying a field in which cases addressing the issue all point in the direction that the section as a whole contains conditions precedent, would not expect to commit reversible error by assuming another provision in the same section was also a condition precedent. The majority does not see it that way.
IV.
If the duty to protect property is a condition precedent, what is the effect of plaintiffs failure to satisfy it? The breach of a condition precedent “voids policy coverage.” Stonewall Ins. Co. v. Modem Exploration, Inc., 757 S.W.2d 432, 435 (Tex. App.—Dallas 1988, no writ). The majority instead says that “a holding that an insured’s duty to mitigate is an affirmative defense to recovery under a homeowners insurance policy would be inconsistent with the above-noted decisions that only bar recovery for noncompliance with certain policy ‘conditions’ (e.g., the duty to give timely notice) if the insurer is prejudiced.” But if the majority is correct, consistency should dictate adding a prejudice requirement to the timely-notice “condition” as well.[4] Overlooking the need for consisten *357 cy, the majority instead fashions an offset remedy.
Even with a prejudice requirement, the duty of notice is still a complete bar to recovery. A showing of prejudice functions as a bar to recovery and does not offset damages. Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173-74 (Tex.1995). Additionally, there are no other requirements in the contract that have a remedy like that fashioned by the majority; certainly, the majority points to no such examples.
In summary, the majority bears the burden of demonstrating why of all the requirements in the “Duties After Loss” section, the failure to protect property does not bar recovery completely but is only an offset to damages. Alternatively, the majority does not argue that prejudice should be extended to the situation at bar, a showing of which would still bar recovery.[5]
For these reasons, I respectfully dissent.

. The contract speaks of a duty to "protect property from further damage" and "make reasonable and necessary repairs to protect the property.” The majority speaks of the duty to mitigate damages.

. The majority also notes that “[bjarring recovery for failure to mitigate is an onerous consequence not in keeping with the rule that ambiguous policy provisions are construed in favor of the insured.” The law, however, requires that we favor insureds in ambiguous situations, not in onerous ones.

. E.g., Caddell v. Travelers Lloyds, 2007 WL 1574244, 2007 Tex.App. LEXIS 4296 (Tex. App.—Texarkana June 1, 2007, no pet.); cf. de Laurentis v. United Servs. Auto. Ass'n, 162 S.W.3d 714, 720-21 (Tex.App. — Houston[14th] 2005, pet. denied) (discussing notice and inventory requirements in light of waiver of a condition precedent).

. The prejudice requirement has been discussed only in the context of the notice provision. See, e.g. PAJ, Inc. v. Hanover Ins. Co., 2008 WL 109071, at *5, 2008 Tex. LEXIS 8, at *18 (Tex.2008). Even then, the prejudice requirement does not extend to all insurance policies. Id. at *5 (distinguishing "occurrence” liability policies from "claims-based” liability policies.) It is incongruous to take a requirement that has been limited, for the *357 most part, to a requirement in some liability polices and effectively require it in all casualty policies. Cf. Ridglea Estate Condo. Ass’n v. Lexington Ins. Co., 415 F.3d 474, 479-80 (5th Cir.2005) (on petition for rehearing) (extending the prejudice requirement to the notice provision in a casualty policy, but noting that the prejudice requirement does not extend to all insurance policies.).

. I do not agree that a showing of prejudice should be necessary for the duty to protect property to bar any recovery. I point this out only because to the extent Texas courts have fashioned any additional steps, they have done so with respect to notice and only by requiring a showing of prejudice.