Nathan SPRAGUE, Appellant,

v.

STATE FARM MÛTUAL AUTOMOBILE INSURANCE CO., Appellee.

No. A14–92–1081–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1993.

Rehearing Denied Aug. 12, 1993.

John F. Phillips, Bridget Chapman, Houston, for appellant.

John W. Belk, Randall L. Brim, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This appeal involves a personal injury suit arising from an auto accident between appellant and John Underhill, an uninsured motorist. Appellant sued Underhill to prove liability and damages. Appellant subsequently joined appellee as a party defendant to enforce the uninsured motorist provision of his contract for insurance. The jury returned a verdict in favor of appellant, finding that Underhill's sole negligence proximately cause the accident and Underhill was grossly negligent. The jury awarded appellant $100,000 in medical and exemplary damages and $23,000 for attorney's fees for trial and appeal. State Farm filed a motion to disregard the jury's findings as to attorney's fees, claiming there is no basis for such an award under section 38.001 of the Civil Practice and Remedies Code. After considering the motion, the trial court set aside that portion of the jury's verdict awarding appellant his attorney's fees and ruled that appellant take nothing on that issue. As his sole point of error, appellant contends that the trial court erred in disregarding the jury's finding on attorney's fees. We affirm.

Appellant maintains that he is entitled to recover his attorney's fees pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(8). (Vernon 1986). In order for a claimant to recover its attorney's fees under this statute, the claimant must first be represented by an attorney. The claimant in addition must prove presentment of a contract claim to the opposing party or a representative of the opposing party, and failure of that party to tender payment of the just amount owed before the expiration of thirty days from the day of presentment. TEX.CIV.PRAC. & REM. CODE ANN. §§ 38.001–002 (Vernon 1986). *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex. App.—Austin 1992, no writ).

The record in this case shows that Sprague and State Farm entered into settlement negotiations and that State Farm made a $6,000.00 settlement offer against Sprague's original demand of $15,000.00. Sprague subsequently increased his settlement demand to $25,000.00, the limit on the insurance policy. There is no indication from the record that the parties ever reached an agreement as to the amount, if any, Sprague was legally entitled to recover. In fact, it is clear from reading the record that liability and damages relating to the accident were still undetermined until the jury reached its verdict against Underhill and State Farm.

The Supreme Court in *Franco v. Allstate Insurance Co.*, 505 S.W.2d 789 (Tex. 1974), determined that to be legally entitled to recover under the uninsured motorist provision of an insurance contract, "the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages...." 505 S.W.2d at 792;

*See also State Farm Mutual Automobile Insurance Co. v. Matlock,* 446 S.W.2d 81 (Tex. Civ.App.—Texarkana 1969, *aff'd in part, rev'd in part,* 462 S.W.2d 277, 278 (Tex.1970). There must be a determination of the amount the claimant is legally entitled to recover if the claim is unliquidated. This claim was made on unliquidated damages and there was no agreement as to an amount due.[1] Until the jury in the instant case determined liability and the extent of damages due appellant as a result of his injuries, appellee as ultimate insurer, was not obligated to accept the demand as the amount appellant was legally entitled to recover, or the just amount owed the claimant. As a result, there has been no failure on the part of State Farm to tender payment of the just amount owed. Therefore, the trial court acted properly in disregarding the jury's findings on attorney's fees since one of the statutory prerequisites had not been met. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

1. Appellant relies primarily on *State Farm Mutual Automobile Insurance Co. v. Clark,* 694 S.W.2d 572 (Tex.App.—Corpus Christi 1985, no writ), in support of his contention. However, the *Clark* court never addressed the issue of whether the insured's claim had to be liquidated before a duty to pay arose under the policy. The court was simply concerned with the application of article 2226 [the statutory predecessor to sections 38.001–.006], and article 21.21–2 of the Insurance Code as they relate to the recovery of attorney's fees.