**Sharon MENIX, Appellant,**

v.

**ALLSTATE INDEMNITY COMPANY, Appellee.**

**No. 11–01–00068–CV.**

Court of Appeals of Texas, Eastland.

July 25, 2002.

Rehearing Overruled Sept. 19, 2002.

878

Charles Hoedebeck, Law Office of Charles L. Hoedebeck, Irving, for appellant.

Gerard Gregoire, John Stilwell & Associates, Julia Pendery, Shawn McCaskill, Godwin Gruber, P.C., Dallas, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

This is an appeal by Sharon Menix from a judgment in her favor against Allstate Indemnity Company for uninsured/underinsured motorist (UIM) benefits. In four issues, Menix contends that the trial court erred in failing to award her prejudgment interest, to allow her to amend her pleadings for attorney's fees, to award her attorney's fees, and to award her postjudgment interest. We affirm in part, and reverse and remand in part.

Menix sued Tonya Swedlund, the underinsured tortfeasor, and Allstate. After settling with Swedlund for her policy limit of $20,000.00, Menix continued her suit against Allstate for UIM benefits. Prior to a jury trial, Menix and Allstate stipulated that: (1) Swedlund was the sole proximate cause of the automobile accident in which Menix was injured; (2) Swedlund's policy limit of $20,000.00 had been tendered to Menix; (3) Allstate had tendered $2,500.00 in personal injury protection benefits to Menix; and (4) Allstate would be liable for all damages over $22,500.00 up to $42,500.00 (Menix's UIM policy limit was $20,000.00).

The jury awarded actual damages to Menix totaling $27,800.00. After the jury's verdict, Menix requested prejudgment interest and attorney's fees. Allstate objected on the grounds that Menix's pleadings did not contain a request for attorney's fees and that Menix was not entitled to prejudgment interest or attorney's fees as a matter of law. Menix filed a post-trial motion for leave to amend her pleadings to include a request for attorney's fees. The trial court denied Menix's motion and her requests for prejudgment interest and attorney's fees. The trial court's judgment awarded Menix $27,800.00 in damages but allowed Allstate a settlement credit of $22,500.00 for the $20,000.00 paid by Swedlund and the $2,500.00 in personal injury protection benefits paid by Allstate. The trial court thus rendered judgment in favor of Menix for $5,300.00. The judgment also provided that no prejudgment interest or attorney's fees were awarded.

### Prejudgment Interest

■ In her first issue, Menix argues that the trial court erred in refusing to order Allstate to pay prejudgment interest which was within the $20,000.00 UIM benefits limit provided in Menix's automobile policy with Allstate. Two types of prejudgment interest may be involved in a UIM benefits case. We will refer to the first type as *Cavnar*-type prejudgment interest because of its genesis in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). In *Cavnar*, the court adopted a rule allowing recovery of prejudgment interest on personal injury, wrongful death, and survival actions. The court reasoned that prejudgment interest was due *as additional damages* from the tortfeasor because the "primary objective of awarding damages in civil actions has always been to compensate the injured plaintiff, rather than to punish the defendant." Id. at 552. Subsequently, the Texas Legislature codified the *Cavnar* rule. The statutory rule is now found in TEX. FIN. CODE ANN. § 304.102 (Vernon Supp.2002):

> A judgment in a wrongful death, personal injury, or property damage case earns prejudgment interest.

The other type of prejudgment interest is based not on the tortfeasor's obligations, but upon the insurance companies' obligations.[1] We will refer to this second type

---

1. See, for example, the obligations imposed on insurance companies in TEX. INS. CODE

as *Henson*-type prejudgment interest because it is the type of prejudgment interest that was involved in *Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652 (Tex.2000). The *Henson* court emphasized the difference between the two types of prejudgment interest:

> But Henson conflates two prejudgment interest concepts. There is no doubt that if Henson were recovering directly from Contreras [the tortfeasor], the judgment would include prejudgment interest. And the insurers do not dispute that had the trial court awarded prejudgment interest against the tort defendants, the insurers would be obligated to pay the entire judgment including that portion awarded for prejudgment interest, to the extent of policy limits. But here, Henson is seeking to recover prejudgment interest based not on the tortfeasor's obligations, but upon the insurance companies' obligations. Unlike the relationship between Henson and Contreras, which is that of injured party and tortfeasor, the relationship between Henson and the insurers is that of contracting parties. Consequently, their respective duties are established by the contract.

Id. at 653.

In *Henson*, the jury found that Contreras was solely responsible for the collision and fixed Henson's damages at $133,842.13, far in excess of the UIM benefits of $45,000.00 available to Henson. Because the damages already exceeded the $45,000.00 UIM benefits limit, there was no reason to calculate the additional damages of *Cavnar*-type prejudgment interest. Henson was seeking the $45,000.00 policy limit plus additional prejudgment interest. Prejudgment interest in *Henson* could only be sought based on an obligation of

the insurance company other than its contractual obligation to pay UIM benefits for damages caused by the tortfeasor which were above the tortfeasor's insurance policy limits and within the insured's UIM benefits limit.

As opposed to the facts in *Henson*, Menix's policy limit for UIM benefits exceeded the amount of actual damages the jury found that Swedlund, the tortfeasor, caused. The supreme court has reaffirmed that *Cavnar*-type prejudgment interest is to be viewed "as additional damages." *Columbia Hospital Corporation of Houston v. Moore*, 45 Tex. Sup.Ct. J. 957, 958 (June 27, 2002); *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528–29 (Tex.1998). Menix's insurance policy with Allstate provided coverage as follows:

> We [Allstate] will pay *damages* which a covered person *is legally entitled to recover* from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injuries. (Emphasis added)

We find that Menix was entitled to the additional damages of *Cavnar*-type prejudgment interest on the $27,800.00 to the extent that such additional damages do not exceed Menix's UIM policy limit of $20,000.00. We sustain Menix's first issue.

*Attorney's Fees*

In her second issue, Menix argues that the trial court erred in denying her postverdict motion for leave to amend her pleadings to include a request for attorney's fees. Her amended pleading based the request for attorney's fees on TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 et seq. (Vernon 1997) and on TEX. INS. CODE ANN. art. 21.55 (Vernon Pamph. Supp.2002). Allstate filed a

ANN. arts. 21.21 & 21.55 (Vernon 1981,     Supp.2002, & Pamph Supp.2002).

motion in opposition to Menix's post-verdict request for leave to amend her pleadings and filed a written objection to Menix's request for attorney's fees. Allstate claimed that Menix had failed to request attorney's fees in her pleadings, that Allstate had timely objected to the omission, and that attorney's fees were unavailable to Menix as a matter of law. The trial court ruled that Menix could put on evidence of attorney's fees. Allstate then stipulated to the reasonableness of the fees but emphasized its position that Menix was not entitled to attorney's fees.

■ A trial court's denial of leave to file a post-verdict amended pleading is reviewed under an abuse of discretion standard. *Wal–Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex.1999). Under TEX.R.CIV.P. 63 and 66, a trial court has no discretion to refuse an amendment unless (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment contains the assertion of a new cause of action or defense and, thus, is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Insurance Company*, 787 S.W.2d 938, 939 (Tex.1990); *Hardin v. Hardin*, 597 S.W.2d 347 (Tex.1980); *Resolution Trust Corporation v. Cook*, 840 S.W.2d 42, 46 (Tex.App.-Amarillo 1992, writ den'd); *Whole Foods Market Southwest, L.P. v. Tijerina*, 979 S.W.2d 768 (Tex.App.-Houston [14th Dist.] 1998, pet'n den'd). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Greenhalgh v. Service Lloyds Insurance Company*, supra at 939. Allstate contends that it was not required to offer evidence to demonstrate how it was prejudiced or surprised because Menix's proposed amended pleading containing the new claim for attorney's fees was prejudicial on its face, and Allstate objected to the amendment. *Greenhalgh v. Service Lloyds Insurance Company*, supra; *Hardin v. Hardin*, supra. We agree.

■ When an amended pleading is prejudicial on its face and the trial court denied leave to file the amended pleading, the burden shifts to the party who offered the amended pleading to clearly demonstrate on appeal that the trial court abused its discretion. *Hardin v. Hardin*, supra at 349–50; *Favor v. Hochheim Prairie Farm Mutual Insurance Association*, 939 S.W.2d 180, 181–82 (Tex.App.-San Antonio 1996, writ den'd). Menix's amended pleading was prejudicial on its face. It set forth a new claim, one for attorney's fees, and based that claim on TEX. CIV. PRAC. & REM. CODE § 38.001 et seq. and TEX. INS. CODE art. 21.55. Prior to the jury verdict, Menix's pleadings gave no notice that Menix would claim attorney's fees. The burden shifted to Menix on appeal to clearly demonstrate that the trial court abused its discretion in denying leave to file the amended pleading. Menix has failed to clearly prove an abuse of discretion. Therefore, this court is "obligated to presume the trial court properly exercised its discretion" in denying Menix leave to file the amended pleading. *Favor v. Hochheim Prairie Farm Mutual Insurance Association*, supra at 182. There is an additional reason for finding that the trial court did not abuse its discretion in denying Menix's post-verdict amended pleadings. As will be discussed under Menix's third issue, Menix was not entitled to attorney's fees as a matter of law. We overrule Menix's second issue.

■ In her third issue, Menix claims that the trial court erred in failing to award her attorney's fees on her contractual claim for UIM benefits. To be entitled to an award of attorney's fees, a party must file an affirmative pleading requesting them. *Swate v. Medina Community Hospital*, 966 S.W.2d 693, 701 (Tex.App.-

San Antonio 1998, pet'n den'd); *R. Conrad Moore & Associates, Inc. v. Lerma*, 946 S.W.2d 90, 96 (Tex.App.-El Paso 1997, writ den'd). Menix did not plead for an award of attorney's fees, and the trial court denied her motion for leave to file an amended pleading. The trial court did not err in failing to award Menix attorney's fees because that claim was not supported by an affirmative pleading.

■ Even if we are in error in affirming the trial court's denial of Menix's attempt to amend her pleadings to request attorney's fees based on TEX. CIV. PRAC. & REM. CODE § 38.001 or TEX. INS. CODE art. 21.55, we hold that Menix was not entitled to attorney's fees as a matter of law. We recognize that the courts of appeals which have addressed claims for attorney's fees under Section 38.001 are split. Two courts held that a claimant for UIM benefits was not entitled to attorney's fees where the insurance company promptly paid the claim for UIM benefits after a judicial determination of the uninsured/underinsured motorist's fault and the amount of damages. *Sprague v. State Farm Mutual Automobile Insurance Co.*, 880 S.W.2d 415, 416–17 (Tex.App.-Houston [14th Dist.] 1993, writ den'd); *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex.App.-Austin 1992, no writ). Three courts held that a claimant for UIM benefits was entitled to attorney's fees. *Allstate Insurance Company v. Lincoln*, 976 S.W.2d 873, 875–76 (Tex.App.-Waco 1998, no pet'n); *Whitehead v. State Farm Mutual Automobile Insurance Company*, 952 S.W.2d 79, 89 (Tex.App.-Texarkana 1997), *rev'd on other grounds*, 988 S.W.2d 744 (Tex.1999); *Novosad v. Mid–Century Insurance Company*, 881 S.W.2d 546, 552 (Tex.App.-San Antonio 1994, no writ). All five courts recognized that the following elements are required for the recovery of attorney's fees under Section 38.001:

(1) recovery of a valid claim in a suit on a written or oral contract;

(2) representation by an attorney;

(3) presentment of the claim to the opposing party; and

(4) failure of the opposing party to tender payment of the just amount owed within 30 days of presentment.

See TEX. CIV. PRAC. & REM. CODE § 38.002.

The sole issue on appeal in both *Sikes* and *Sprague* was whether the trial courts erred in denying attorney's fees to the UIM benefits claimant. In both cases, the insurer promptly paid the UIM benefits after a judicial determination of the uninsured/underinsured motorist's fault and the claimant's damages. The *Sikes* court and the *Sprague* court interpreted the contractual UIM benefits language requiring the insurer to "pay damages which a covered person is legally entitled to recover" as a condition precedent to any duty by the insurer to pay UIM benefits under the policy. To satisfy the condition precedent, the UIM benefits claimant had to first obtain a judicial determination of the fault of the uninsured motorist and of the amount of the claimant's damages. Until the condition precedent was satisfied, there was no duty requiring the insurer to pay UIM benefits under the contract. Therefore, there was no "just amount owed" and no failure by the insurer to tender a just amount owed. *Sprague v. State Farm Mutual Automobile Insurance Co.*, supra at 416–17; *Sikes v. Zuloaga*, supra at 753–54. The *Sikes* court also reasoned that there could not be a proper presentment of a claim to the insurer, the third requirement of Section 38.001, until the condition precedent had been met.

*Sikes v. Zuloaga,* supra at 753–54.[2]

*Novosad v. Mid–Century Insurance Company,* supra, distinguished *Sikes.* The *Novosad* court noted that, for a proper presentment of a UIM benefits claim to exist, the insurance company must have some liability under the contract. The court emphasized that liability of the insurer was in issue in *Sikes,* but liability of the insurer was not in issue in *Novosad* because:

> [Mid–Century] stipulated that the payment by the underinsured motorist was only a partial payment of Novosad's damages. Mid–Century effectively stipulated that they owed *something* to Novosad, the only question was how much was owed under the contract. (Emphasis in original)

*Novosad v. Mid–Century Insurance Company,* supra at 552. The *Novosad* court held, therefore, that the claimant had presented an unpaid contractual claim and the insurer had failed to tender a just amount owed. Id. at 551–52. Satisfaction of the condition precedent was stipulated to by Mid–Century according to the *Novosad* court, even though the amount of damages caused by the underinsured motorist had not been judicially determined. The courts in *Lincoln* and *Whitehead* cited *Novosad* and allowed the claimant attorney's fees even though the insurance companies in those cases denied that they had any liability for UIM benefits until the condition precedent was satisfied. We decline to follow *Lincoln, Whitehead,* and *Novosad.*

Allstate promptly tendered the $5,300.00 to Menix when the trial court rendered judgment. We hold that Allstate does not owe attorney's fees to Menix because there was no "just amount owed" by Allstate to Menix until the condition precedent in the contract was satisfied. *Sprague v. State Farm Mutual Automobile Insurance Co.,* supra; *Sikes v. Zuloaga,* supra. Our reliance on *Sikes* and *Sprague* is supported by the *Henson* court's interpretation of the phrase "legally entitled to recover" as creating a condition precedent to any obligation of the insurance company to pay UIM benefits. See *Franco v. Allstate Insurance Company,* 505 S.W.2d 789, 792 (Tex.1974); Keith Langston, *Is Your UIM Policy in Texas "Worth Less?": Henson v. Texas Farm Bureau Mutual Insurance Co.,* 53:1 BAYLOR L. REV. 229 (2001).

■ Menix argues that Allstate is liable for attorney's fees under the mandatory provision of Article 21.55, section 6 of the Texas Insurance Code. According to *Allstate Insurance Company v. Bonner,* 51 S.W.3d 289, 291 (Tex.2001), a claimant must establish three elements to be entitled to attorney's fees under Article 21.55, section 6:

> (1) a claim under an insurance policy;
>
> (2) that the insurer is liable for the claim; and
>
> (3) that the insurer has failed to follow one or more sections of article 21.55 with respect to the claim.

Bonner sued Allstate to recover UIM benefits, penalties, and attorney's fees under Article 21.55. Allstate stipulated that it had failed to comply with Article 21.55 because it did not acknowledge receipt of Bonner's demand within 15 days. It was undisputed, however, that Allstate had already paid Bonner $1,619.00 in personal injury protection (PIP) benefits. The jury awarded $1,000.00 in damages to Bonner. The insurance policy contained a nondupli-

---

2. Whether a claim can be presented prior to satisfaction of the condition precedent also

has significance under Article 21.55.

cation-of-benefits provision. The *Bonner* court held that Allstate was not liable to Bonner for any UIM benefits because she did not prove more in damages than Allstate had already paid in PIP benefits. Noting that Allstate's stipulation only satisfied the third element of noncompliance, the *Bonner* court reasoned that Bonner had not established a claim under her policy and, therefore, she was not entitled to penalties and attorney's fees:

> Bonner's claim, made pursuant to her insurance policy, is contractual in nature. See *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex.2000). To establish a claim under the policy, Bonner had to prove not only that an uninsured or underinsured driver negligently caused the accident that resulted in her covered damages, but also that all applicable policy provisions were satisfied. See id.; *State Farm Mut. Auto. Ins. Co. v. Grayson*, 983 S.W.2d 769, 770 (Tex.App.-San Antonio 1998, no pet.).

Id. at 291–92. Although it did not use the term "condition precedent," the Texas Supreme Court in *Bonner* made it clear that the condition precedent had not been satisfied:

> Although Allstate failed to acknowledge Bonner's claim within fifteen days, *Bonner has not presented a claim under her insurance policy* for which Allstate is liable. As a consequence, Bonner cannot recover attorney's fees under Insurance Code article 21.55, section 6. (Emphasis added)

Id. at 292.

The *Bonner* court indicated, however, that attorney's fees might have been awarded under Article 21.55 had Bonner established that her damages entitled her to UIM benefits. *Distinguishing Dunn v. Southern Farm Bureau Casualty Insurance Company*, 991 S.W.2d 467 (Tex.App.-Tyler 1999, pet'n den'd), the *Bonner* court said:

> [*Dunn*] did not involve a UM claim for which the insurer was not liable under the policy. Instead, the insured's UM claim exceeded the previously paid PIP benefits, and the insurer in *Dunn* was liable for $220,000 in actual damages. See *Dunn*, 991 S.W.2d at 470. As a consequence for delaying acknowledgment and payment of a claim for which it was liable, the insurer in *Dunn* was subject to the section 6 penalties. See id. at 478. By contrast, because Allstate is not liable for Bonner's UM claim, its failure to acknowledge receipt of that claim within fifteen days does not subject it to the penalties in article 21.55, section 6.

*Allstate Insurance Company v. Bonner*, supra at 292.

The *Bonner* court thus indicated that a claim can be presented to an insurer even though the condition precedent for UIM benefits has not been satisfied. Cf. *Sikes v. Zuloaga*, supra (no proper presentment of a claim until the condition precedent is satisfied). Two courts have held that, if the insurer fails to follow the procedures of Article 21.55 after a claim for UIM benefits is presented, it may be liable under Section 6 for 18 percent per annum of the UIM benefits claim as damages, plus reasonable attorney's fees. In *Dunn*, the insurer failed to document, as required by Article 21.55, its verbal acknowledgment of the claim by recording the date that the claim was made. In *Northwestern National County Mutual Insurance Company v. Rodriguez*, 18 S.W.3d 718 (Tex.App.-San Antonio 2000, pet'n den'd), the insurer failed to timely notify, as required by Article 21.55, the insured of its inability to accept or deny the UIM benefits claim. Both courts noted that Article 21.55 is premised on the presumption that carriers

have the right to dispute claims; Article 21.55 merely requires that an insurance company dispute or deny a claim promptly. *Dunn v. Southern Farm Bureau Casualty Insurance Company,* supra at 474; *Northwestern National County Mutual Insurance Company v. Rodriguez,* supra at 721. The insurer in *Wellisch v. United Services Automobile Association,* 75 S.W.3d 53 (Tex.App.-San Antonio 2002, pet'n filed), initially denied liability for UIM benefits on the basis that the condition precedent had not been satisfied. The insurer in *Wellisch* complied with the provisions of Article 21.55. The *Wellisch* court held that the insurer was not liable for attorney's fees even though the claimant was ultimately found to be legally entitled to UIM benefits.

Menix argues that she is entitled to attorney's fees under Article 21.55, section 6, because, unlike *Bonner,* she proved that her damages entitled her to $5,300.00 in UIM benefits. We disagree. Menix failed to produce any evidence that Allstate failed to comply with Article 21.55. Until there was a judicial determination that Swedlund was liable and that Menix's damages were $27,800.00, Allstate had no duty to pay Menix UIM benefits. By tendering payment to Menix immediately after the judicial determination of Swedlund's liability and Menix's damages, Allstate complied with the payment provisions of Article 21.55. *Wellisch v. United Services Automobile Association,* supra.

Allstate did not owe attorney's fees under Section 38.001 because there was no "just amount owed" as required by Section 38.002. *Sprague v. State Farm Mutual Automobile Insurance Co.,* supra; *Sikes v. Zuloaga,* supra. Allstate did not owe attorney's fees under Article 21.55 because there is no evidence that Allstate failed to comply with the requirements of Article 21.55. We overrule Menix's third issue.

*Postjudgment Interest*

In her fourth issue, Menix argues that she is entitled to postjudgment interest. Allstate agrees. We sustain Menix's fourth issue.

*This Court's Ruling*

We reverse and remand for a determination by the trial court of the *Cavnar*-type prejudgment interest and the postjudgment interest due to Menix from Allstate. In all other things, including the denial of attorney's fees, the judgment of the trial court is affirmed.