In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00036-CV
______________________________


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant
 
V.
 
TERESA NICKERSON, Appellee


                                              

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 61552


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          State Farm Mutual Automobile Insurance Company appeals from a judgment in an
underinsured motorist (UM) lawsuit. State Farm complains not about damages or liability,
but originally complained only about the court's order directing the insurer to pay
Nickerson's attorney's fees and to also pay prejudgment interest from the date of the filing
of the underlying lawsuit. State Farm, based on the Texas Supreme Court's action denying
petition in Menix v. Allstate Indem. Co., 83 S.W.3d 877 (Tex. App.—Eastland 2002, pets.
denied [2 pets.]), has now withdrawn its issue on prejudgment interest. Thus, we now
address only the question of whether attorney's fees are available in this type of action.



          Teresa Nickerson was in an automobile accident in 1992 that caused injuries to her
back and neck. Both she and the other driver were insured by State Farm. Nickerson filed
suit in 1994, and at some point before October 1996, she accepted the policy limits of
$25,000.00 under the other driver's liability policy and $10,000.00 in personal injury
protection (PIP) benefits for medical expenses under her own policy. She believed this
was insufficient and then sued State Farm November 7, 1994, to recover under the
uninsured motorist portion of her policy. Nickerson won a jury trial. The jury awarded her
$225,000.00 in actual damages and $46,500.00 in attorney's fees. After verdict, but before
the judgment was signed, State Farm tendered Nickerson a check for damages, less
liability/PIP offsets of $35,000.00, excluding attorney's fees, and including postjudgment
interest in the amount of $191,294.52. 
          The trial court, in its final judgment, awarded actual damages, and prejudgment
interest from the date suit was filed (November 7,1994) of $181,849.32, for a total of
$371,849.32. Actual damages plus prejudgment interest, less offsets, exceeded the policy
limits of $300,000.00. The court therefore awarded judgment for the UM policy limits. In
addition, the court also ordered State Farm to pay Nickerson's attorney's fees and also any
postjudgment interest at ten percent from the date of signing of the judgment.
          State Farm contends the trial court erred by rendering judgment for Nickerson for
$46,500.00 in attorney's fees. Both parties treat the fees as being sought and awarded
pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, 38.002 (Vernon 1997).


 State
Farm quite simply argues: there was no breach of contract, and when it was determined
that we were liable, we paid. That position is based on language in Henson v. S. Farm
Bureau Cas. Ins. Co., 17 S.W.3d 652, 654 (Tex. 2000), stating that neither filing a claim
nor filing suit triggers an obligation to pay (the UM claim). Therefore, State Farm reasons
that no amount owing could exist until a judicial determination of liability was made. 
          We find that situation to be no different from any other contractual dispute in which
liability is at issue. This Court held in Whitehead v. State Farm Mut. Auto. Ins. Co., 952
S.W.2d 79 (Tex. App.—Texarkana 1997), rev'd & rendered on other grounds, 988 S.W.2d
744 (Tex. 1999), that, in the context of a UM lawsuit, an award of attorney's fees to a
plaintiff recovering on a valid claim founded on a written contract, preceded by proper
presentment, is mandatory. 
          In reaching that decision, we reasoned this was simply a claim on a contract,
outside typical insurance liability contexts, and that, where a valid claim existed, and proper
presentment was made, there was no reason to treat the claim any differently than any
other contract claim. Therefore, we found attorney's fees were appropriate.


 
          We recognize that the Eastland Court of Appeals also discussed this issue in Menix,
ultimately concluding that, because there was no amount due and owing until there was
a judicial determination of liability and the amount of damages, and because the payment
was timely made, Allstate did not owe attorney's fees under Section 38.001 because there
was no "just amount owed" as required by Section 38.002 until the judicial determination
was made of the damages and payment then was timely made to the insured. Menix, 83
S.W.3d at 885 (citing Sprague v. State Farm Mut. Auto. Ins. Co., 880 S.W.2d 415, 416–17
(Tex. App.—Houston [14th Dist.] 1993, writ denied); Sikes v. Zuloaga, 830 S.W.2d 752,
754 (Tex. App.—Austin 1992, no writ)).
          We find that argument unpersuasive. If Section 38.002(3) is so read, then
attorney's fees cannot be recovered in any contractual dispute that results in litigation,
provided the losing party promptly pays after the "just amount owed" is determined through
that litigation. That is not the meaning of the term. The section states that, to recover
attorney's fees, inter alia,
(3) payment for the just amount owed must not have been tendered
before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem. Code Ann. § 38.002(3). The phrase "claim is presented" is not
equivalent to "judgment is rendered."
          The Eastland court's holding on this issue was in the alternative and made only after
the court decided Menix was not entitled to attorney's fees because he had no affirmative
pleading seeking attorney's fees. Menix, 83 S.W.3d at 882. Under those circumstances,
we decline to regard the Texas Supreme Court's denial of petition in Menix as an indication
we should depart from the position we took on this issue in Whitehead.
          Nickerson additionally argues that, because the "just amount owed" was not paid,
but only the amount State Farm (incorrectly) believed was due under the judgment, then
the payment has not been timely made and attorney's fees are recoverable. State Farm
argued originally it had paid the correct amount and had paid within thirty days after the
amount was found to be due. See Tex. Civ. Prac. & Rem. Code Ann. § 38.002(3).


 
Therefore, State Farm argued, it had not breached the insurance contract in any respect,
but has instead paid the "just amount owed" as required by the statute to avoid imposition
of attorney's fees under that chapter. 
          That scenario has changed somewhat, since State Farm has now acceded to the
Texas Supreme Court's denial of petition in Menix, paid the remaining policy limits, and
dropped its contention that the lesser amount was the true "just amount owed." 
Nevertheless, under our decision in Whitehead, that distinction is not relevant to our
analysis. Even though State Farm eventually paid after a judicial determination, and even
if that payment was timely, State Farm did not pay on the claim made on the contract, and
Nickerson was required to enforce her right to payment through the courts. That, in a
contract situation, is the context in which attorney's fees are properly recoverable. 
          We overrule the point of error and affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice 
 
Date Submitted:      February 19, 2004
Date Decided:         March 18, 2004