IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00211-CV

 

In re Brundage Bone

Concrete Pumping, Inc.

 

 

 



Original
Proceeding

 



MEMORANDUM 
Opinion



 








      Relator’s
petition for writ of mandamus is denied.

 

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

Petition denied

Memorandum opinion delivered and filed May 11,
2005

[OT06]






2" width="27%" align="right" valign="top">
26,286.08



Total Damages

119,988.58



Less: Settlement Credit

(100,000.00)



Less: Credit for PIP benefits paid

N/A



Judgment: Lesser of $20,000 (Collier’s UIM limits) or Total
Damages less Credits

$19,988.58




Post-Collier Cases
      In 2000, the Texas Supreme Court addressed the issue of prejudgment interest in the
context of UIM coverage in Henson v. Southern Farm Bureau, 17 S.W.3d 652 (Tex. 2000). 
The Supreme Court held that no contractual obligation to pay under the UIM provisions arose
until the jury established the tortfeasor’s liability, i.e., that an insurer cannot breach its duty to
pay prior to a jury verdict establishing the tortfeasor’s liability. Id. at 654. However, we do
not believe that Henson bars all prejudgment interest, because the Court also said, “And the
insurers do not dispute that had the trial court awarded prejudgment interest against the tort
defendants, the insurers would be obligated to pay the entire judgment including that portion
awarded for prejudgment interest, to the extent of policy limits.” Id. at 653.
      As the Eastland Court of Appeals aptly noted, there are two distinct types of prejudgment
interest that may be involved in a UIM case: Cavnar-type and Henson-type. Menix v. Allstate
Indem. Co., 83 S.W.3d 877, 879–80 (Tex. App.—Eastland 2002, pet. denied). Menix, the
injured plaintiff, sued the underinsured tortfeasor and Allstate, Menix’s UIM insurer. Id. at
879. After settling with the tortfeasor for policy limits of $20,000, she continued her suit
against Allstate to recover UIM benefits. Id. Menix’s UIM policy limit was also $20,000. 
Id. Prior to trial, the parties stipulated: (1) the tortfeasor was the sole proximate cause of the
accident; (2) the tortfeasor had paid Menix $20,000; (3) Allstate had paid Menix $2,500 for
personal injury protection (PIP) benefits; and (4) Allstate would be liable for all damages
between $22,500 and $42,500. Id. After a jury determined Menix’s actual damages were
$27,800, she requested prejudgment interest and attorney’s fees. Id. The trial court denied
this request, reduced the damage award by the stipulated credits, and rendered judgment for
Menix in the amount of $5,300 ($27,800 less $22,500). Id. Menix appealed, among other
things, the court’s failure to award prejudgment interest and attorney’s fees. Id.
      The Eastland Court identified two independent types of prejudgment interest that may be
involved in a UIM case: Cavnar-type prejudgment interest, which is that amount awarded as
damages in a personal injury action, and Henson-type prejudgment interest, which is that
amount that could be awarded against an insurer for breach of contract when the insurer fails
to pay amounts the insured is legally entitled to recover under a UIM provision. Id. at 879-80. 
Noting that Menix’s UIM policy limits exceeded the damages found by the jury, the court held
that Menix was entitled to the “additional damages of Cavnar-type prejudgment interest” on
the jury’s actual damages award, provided that the judgment could not exceed her UIM policy
limits. Id. at 880. Thus, the court remanded the case to the trial court to enter a judgment for 
 
 
Menix for:


Damages found by the jury

$27,800



Plus: Prejudgment Interest, Computed per Johnson & Higgins

PJI



Total Damages

27,800 + PJI



Less: Settlement Credit

(20,000)



Less: Credit for PIP paid

(2,500)



Judgment: Lesser of $20,000 (Menix’s UIM limits) or Total
Damages less Credits


Trial court determines




      Following Menix, we conclude that Henson does not bar Cavnar-type prejudgment interest
in UIM cases. Thus, based on Collier and Menix, Norris is entitled to judgment for:


Damages found by the jury

$51,200



Plus: Prejudgment Interest, Computed per Johnson & Higgins

PJI



Total Damages

51,200 + PJI



Less: Settlement Credit

(50,000)



Less: Credit for PIP paid

(5,000)



Judgment: Lesser of Norris’s UIM limits or Total Damages less
Credits

Trial court determines




      If Norris’s total damages exceed the credits allowed to State Farm, he is entitled to a
judgment for the difference, not to exceed the UIM limits of his policy. We sustain Norris’s
first issue.
 

ATTORNEY’S FEES
      Following our decision in Allstate Ins. Co. v. Lincoln, we also find that Norris is entitled
to attorney’s fees. Allstate Ins. Co. v. Lincoln, 976 S.W.2d 873, 876 (Tex. App.—Waco
1998, no pet.). We sustain issue two.
CONCLUSION
      We reverse the judgment and, because the parties do not agree on the amount of
prejudgment interest, remand the cause for a determination by the trial court of the amount of
the judgment to be entered in Norris’s favor, including Cavnar-type prejudgment interest, post-judgment interest, and attorney’s fees as found by the jury.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



      (Chief Justice Gray dissenting)
Judgment reversed and remanded
Opinion delivered and filed April 14, 2004

[CV06]