NO. 07-05-0014-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 7, 2007


______________________________



MID-CENTURY INS. CO. OF TEXAS, APPELLANT



V.



CAROLE DANIEL AND STAN DANIEL, APPELLEES


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-513,596; HONORABLE BLAIR CHERRY, JUDGE


___________________________________




Before CAMPBELL, J. and REAVIS, and BOYD, S.JJ. (1)

CONCURRING OPINION


 Although the Insurance Code violation claims asserted by the plaintiffs in Brainard
were severed and therefore not directly addressed in the supreme court's opinion in that
case, I agree that the unique character of UIM coverage, Brainard, 2006 WL 3751572 at
*9, affects the manner in which UIM claims should be treated under former article 21.55
of the Insurance Code. See Menix v. Allstate Indem. Co., 83 S.W.3d 877, 883 n. 2
(Tex.App.-Eastland 2002, pet. denied). It is undisputed Mid-Century paid the Daniels' UIM
claim promptly after its liability was determined. The Daniels' motion for summary
judgment asserted Mid-Century violated article 21.55 in the following ways:


 Failed to notify [the Daniels] in writing of the acceptance or rejection of the
claim not later than the 15th business day after receiving all items,
statements, and forms required by the insurer on May 3, 2001 . . ., a violation
of § 3(a).


 


 Failed to state the reasons for any rejection . . ., a violation of § 3(c).


 


 Failed to notify [the Daniels] that it needed more time and reasons therefore
15 business days after receipt of all requested information on May 3, 2001
. . ., a violation of § 3(d). 


 


 Failed to accept or reject the claim not later than 45 days after any notice
that requested additional time. Mid-Century never requested additional time
. . ., a violation of § 3(e) . . . .



The record shows the Daniels brought suit against the tortfeasor Melvin Bray and Mid-Century in April 2001. Because, under the circumstances presented here, the asserted
violations of section 3 occurred before the determination that Mid-Century had UIM
coverage liability, I conclude the asserted violations could not entitle the Daniels to the
interest penalty and attorney's fees under section 6 of article 21.55. Brainard, 2006 WL
3751572; Allstate Ins. Co. v. Bonner, 51 S.W.3d 289 (Tex. 2001); Menix, 83 S.W.3d 877. 
On that basis, I concur in the court's judgment. 


 James T. Campbell

 Justice

1. John T. Boyd, Chief Justice (Ret.), and Don H. Reavis, Justice (Ret.) Seventh Court
of Appeals, both sitting by assignment.



new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 We turn to the Anders brief filed by appellant's counsel and then the record. 
Following a discussion of the procedural history of the case, the brief addresses pretrial
events, voir dire, evidentiary matters, sufficiency of the evidence, and the charge. Counsel
has supported his discussion in each category with citations to the record and applicable
case law. Counsel identified three evidentiary questions on which he focused the bulk of
his discussion. In each instance, he concluded the trial court did not abuse its discretion
by overruling objections of appellant. He also noted that appellant interposed several
objections which the court sustained. We agree that the potential evidentiary issues
discussed by counsel do not support the appeal as no harmful evidentiary rulings are
evident. Our examination of the entire record leads us to conclude that appellant's counsel
conducted a complete analysis of the record.

 In conducting an independent examination of the entire record, we searched for any
non-frivolous grounds on which an appeal could arguably be founded. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford, 813 S.W.2d at 511. 
We agree with counsel that the record presents no arguably meritorious issue which would
support an appeal. 

 Accordingly, we grant counsel's motion to withdraw, (2) and affirm the judgment of the
trial court. 


 James T. Campbell

 Justice




Do not publish. 

1. See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).
2. Counsel shall, within five days after this opinion is handed down, send appellant
a copy of the opinion and judgment, along with notification of appellant's right to file a pro
se petition for discretionary review. See Tex. R. App. P. 48.4.