**MID–CENTURY INS. CO. OF TEXAS, Appellant,**

v.

**Carole DANIEL and Stan Daniel, Appellees.**

**No. 07–05–0014–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 7, 2007.

Rehearing En Banc Overruled March 9, 2007.

---

G. Douglas Welch, James L. Wharton, Christopher B. Slayton, Jones Flygare Brown & Wharton, Lubbock, for Appellant.

Tom H. Whiteside, Whiteside Law Firm, Lubbock, for Appellees.

Before CAMPBELL, J., and REAVIS, and BOYD, S.JJ.[1]

## OPINION ON MOTION FOR REHEARING

DON H. REAVIS, Senior Justice.

Following our original opinion issued November 28, 2006, by which we reversed the judgment of the trial court and rendered judgment that Carole Daniel and Stan Daniel take nothing against Mid–Century Ins. Co. of Texas, the Supreme Court issued its opinion in *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex.2006). We overrule the Daniels' motion for rehearing, but withdraw our opinion and judgment of November 28, 2006, and issue this opinion in lieu thereof.

Presenting three issues, Mid–Century Ins. Co. of Texas contends the trial court erred in rendering summary judgment that Carole Daniel and Stan Daniel recov-

---

1. John T. Boyd, Chief Justice (Ret.), and Don H. Reavis, Justice (Ret.) Seventh Court of Appeals, both sitting by assignment.

er $70,897.60 for interest and attorney's fees for damages based on their underinsured motorist (UIM) claim. By three cross-points, the Daniels contend the trial court erred (1) in not enforcing its order of July 2, 2003, to compel the production of Mid–Century's claim file, (2) in failing to order the deposition of Mid–Century's claim representative, and (3) because there is no basis to support Mid–Century's motions for summary judgment on the article 21.55 claim. We reverse the judgment of the trial court and render judgment that the Daniels take nothing against Mid–Century.

On April 23, 1999, Carole Daniel was injured in an automobile accident with another car driven by Melvin Bray. On April 20, 2001, Carole Daniel and her husband, Stan Daniel, filed suit against Melvin Bray and also joined Mid–Century as a defendant. The claim as to Mid–Century was severed and abated on April 20, 2002. The Daniels amended their petition against Mid–Century on September 10, 2002, alleging claims under articles 21.21 and 21.55 of the Texas Insurance Code. Upon a non-jury trial which concluded on November 13, 2002, the trial court apportioned negligence at eighty percent for Bray and twenty percent for the Daniels. Also, it awarded the Daniels damages in the amount of $94,453.55, reduced by twenty percent netting the damages at $75,562.55. After deducting $25,000 paid by State Farm, on November 15, 2002, Mid–Century tendered $50,562.55 out of the underinsured motorist policy limits contained in the Daniels' policy and the payment was accepted by them. After Mid–Century filed its motion for summary judgment on the extra-contractual action, on July 2, 2003, the trial court granted the motion as to the Daniels' article 21.21 claims, and held that Mid–Century did not violate its duty of good faith and fair dealing,[2] but denied Mid–Century's no-evidence motion as to the article 21.55 claims presented by the Daniels. When Mid–Century filed its second motion for summary judgment on the article 21.55 claims, the Daniels filed their cross-motion for summary judgment. By order signed December 22, 2004, the trial court denied the second motion for summary judgment of Mid–Century and granted the Daniels' cross-motion and awarded damages and attorney's fees. The order further provided that all other relief not granted was denied.

## Standard of Review

In reviewing a summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

When both parties move for summary judgment, each party must conclusively establish it is entitled to judgment as a matter of law, and neither party can prevail simply by the other party's failure to discharge its burden. *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.

---

**2.** The Daniels did not file a notice of appeal regarding the denial of their claims under article 21.21.

1993); *Tigner v. First Nat'l Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (Tex.1954). If the trial court grants one summary judgment and denies the other, the appellate court may render the judgment the trial court should have rendered. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

### The Daniels' Cross–Points

■ Before we commence our analysis of Mid–Century's issues, we first address cross-points one and two by which the Daniels seek to alter the judgment of the trial court. A party who seeks relief not granted by the judgment of the trial court must file a notice of appeal. Tex.R.App. P. 25.1(c). Because the record before us does not include a notice of appeal by the Daniels, the two cross-points are dismissed.[3] *See City of San Antonio v. Hernandez*, 53 S.W.3d 404, 407 (Tex.App.-San Antonio 2001, pet. denied); *Quimby v. Tex. Dep't of Transp.*, 10 S.W.3d 778, 781 (Tex.App.-Austin 2000, pet. denied),

By its first issue, Mid–Century contends that a UIM motorist claim under article 21.55[4] does not arise until a judgment has been rendered against the tortfeasor. The Daniels contend there is no basis to support Mid–Century's motion for summary judgment on their article 21.55 claim. We will consider these two questions together.

As grounds for their motion for summary judgment, the Daniels alleged they were entitled to summary judgment because Mid–Century had violated article 21.55. As grounds for its motion for summary judgment, Mid–Century contended that article 21.55 does not apply to the Daniels' claims because (1) it had no duty or obligation to pay pursuant to the UIM portion of the policy until such time as it was judicially determined that the insured was legally entitled to recover UIM benefits, and (2) it made prompt payment within two days of the date of determination of the net amount of the claim. For purposes of clarity, we will consider the award of attorney's fees and then consider the award of interest.

### Attorney's Fees

■ In *Brainard*, the Supreme Court observed that unlike many first-party insurance contracts, the UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. *Brainard*, 216 S.W.3d at 818. Noting that Trinity's obligation to pay benefits did not arise until liability and damages were determined, the Supreme Court held the award of attorney's fees by the trial court was error. *Id.* Similarly, Mid–Century's payment of $50,562.55 within two days of the judgment against the third party precludes the award of attorney's fees under article 21.55, §§ 4 and 6 or § 38.002(3) of the Texas Civil Practice & Remedies Code.[5] Following *Brainard*, we hold the trial court erred in rendering judgment that the Daniels recover $55,450 as attorney's fees.

### Interest

■ By its judgment, the trial court also awarded interest at 18 percent on the $50,562.55 from May 3, 2001 to November 15, 2002, in the amount of $13,987.54, plus pre-judgment interest on $13,987.54. Pre-

---

3. By letter of April 28, 2005, we notified the Daniels that their cross-points would not be considered. *See* Tex.R.App.25.1(c), 26.1(d).

4. *See* current version at Tex. Ins.Code Ann. §§ 542.051–.061 (Vernon Supp.2006).

5. Daniels did not designate this statute as a ground to recover attorney's fees in their motion for summary judgment.

judgment interest was allowed according to the decision in *Brainard* because, in a wrongful death case, pre-judgment interest is authorized by section 304.104 of the Texas Finance Code; however, the Daniels' motion for summary judgment was not based on this provision. *Id.* at 815–17.

Section 3 of article 21.55 of the Prompt Payment of Claims Act requires the payment of a claim not later than 15 business days after the insurer receives the information necessary to secure final proof of loss. Failure to timely pay the claim subjects the insurance carrier to damages including 18 percent interest and attorney's fees per section 6. The Daniels' damages recoverable as to Bray were fixed at $95,453.55 at the non-jury trial on November 13, 2002. Following that determination, Mid–Century promptly paid the Daniels the amount of $50,562.55 on November 15, 2002.

Accordingly, the trial court erred in granting the Daniels' motion for summary judgment. Mid–Century's first issue is sustained and the Daniels' third issue is overruled. Following *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988), we reverse the judgment of the trial court and render judgment that the Daniels take nothing by their action and that Mid–Century be discharged with its costs. Mid–Century's request that it recover attorney's fees in responding to the motion for rehearing is denied.

CAMPBELL, J., concurring.

JAMES T. CAMPBELL, Justice, concurring.

Although the Insurance Code violation claims asserted by the plaintiffs in *Brainard* were severed and therefore not directly addressed in the supreme court's opinion in that case, I agree that the unique character of UIM coverage, *Brainard,* 216 S.W.3d at 818, affects the manner in which UIM claims should be treated

under former article 21.55 of the Insurance Code. *See Menix v. Allstate Indem. Co.,* 83 S.W.3d 877, 883 n. 2 (Tex.App.-Eastland 2002, pet. denied). It is undisputed Mid–Century paid the Daniels' UIM claim promptly after its liability was determined. The Daniels' motion for summary judgment asserted Mid–Century violated article 21.55 in the following ways:

(a) Failed to notify [the Daniels] in writing of the acceptance or rejection of the claim not later than the 15th business day after receiving all items, statements, and forms required by the insurer on May 3, 2001 ..., a violation of § 3(a).

(b) Failed to state the reasons for any rejection ..., a violation of § 3(c).

(c) Failed to notify [the Daniels] that it needed more time and reasons therefore 15 business days after receipt of all requested information on May 3, 2001 ..., a violation of § 3(d).

(d) Failed to accept or reject the claim not later than 45 days after any notice that requested additional time. Mid–Century never requested additional time ..., a violation of § 3(e)....

The record shows the Daniels brought suit against the tortfeasor Melvin Bray and Mid–Century in April 2001. Because, under the circumstances presented here, the asserted violations of section 3 occurred before the determination that Mid–Century had UIM coverage liability, I conclude the asserted violations could not entitle the Daniels to the interest penalty and attorney's fees under section 6 of article 21.55. *Brainard,* 216 S.W.3d 809; *Allstate Ins. Co. v. Bonner,* 51 S.W.3d 289 (Tex.2001); *Menix,* 83 S.W.3d 877. On that basis, I concur in the court's judgment.