

# IN THE
# TENTH COURT OF APPEALS

———————————

## No. 10-23-00239-CV

———————————

**REMECOS BARLEY,**

**Appellant**

**v.**

**UNIVERSITY OF TEXAS MEDICAL BRANCH
AND THE STATE OF TEXAS,**

**Appellees**

———————————

**From the 440th District Court
Coryell County, Texas
Trial Court No. DC-20-50867**

———————————

## MEMORANDUM OPINION

———————————

In two issues, inmate Remecos Barley complains about the trial court's order granting a plea to the jurisdiction in favor of appellees, the University of Texas Medical Branch ("UTMB") and the State of Texas, and the trial court's orders denying his motion for continuance and motion for leave. We affirm.

## Background

Barley sued appellees, alleging that appellees violated their legal duty to properly diagnose and provide him with adequate medical care. Barley further alleged that UTMB was negligent in hiring, training, and supervising medical personnel; for failing to provide proper restrictions for housing and his job; and failing to arrange surgery in a timely manner. In his live pleading, Barley "invoke[d] the subject matter jurisdiction" of the trial court under "Section 101.002 of the Texas Civil Practice and Remedies Code."

Appellees responded by filing a plea to the jurisdiction, asserting that Barley failed to plead a valid waiver of sovereign immunity. Barley filed a response to appellees' plea to the jurisdiction. After a hearing, the trial court granted appellees' plea to the jurisdiction and dismissed the case.

Approximately two weeks after the trial court signed the order granting appellees' plea to the jurisdiction and dismissing Barley's claims, Barley filed a motion for continuance and sought leave to file a third amended petition, wherein, Barley asserted, for the first time, that appellees' immunity was waived based on an alleged injury he suffered while operating State-owned property. The trial court denied Barley's motion for leave and motion for continuance. This appeal followed.

## Plea to the Jurisdiction

In his first issue, Barley appears to complain that the trial court erred by granting appellees' plea to the jurisdiction. *See* TEX. R. APP. P. 38.9. We disagree.

STANDARD OF REVIEW

Sovereign immunity implicates a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). "A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Generally, we review the trial court's ruling on a plea to the jurisdiction de novo. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

> But when a plea to the jurisdiction challenges the existence of jurisdictional facts, we look beyond the pleadings and consider evidence submitted by the parties "when necessary to resolve the jurisdictional issues raised," even if the evidence implicates both the court's jurisdiction and the merits of a claim. *Miranda*, 133 S.W.3d at 227. For a plea that challenges the existence of jurisdictional facts, our standard of review generally mirrors that of a traditional summary judgment: a plaintiff must raise a genuine issue of material fact to overcome the challenge to the trial court's jurisdiction. *Id.* at 221, 228. In determining whether the plaintiff has met that burden, "we take as true all evidence favorable to" the plaintiff and "indulge every reasonable inference and resolve any doubts in the [plaintiff's] favor. *Id.* at 228. If the evidence and allegations create a fact question regarding jurisdiction, then a court cannot grant a plea to the jurisdiction, and the factfinder must resolve the fact issue. *Id.* at 227-28. But "if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue," a court rules "on the plea to the jurisdiction as a matter of law." *Id.* at 228.

*Rangel*, 595 S.W.3d at 205.

APPLICABLE LAW

Generally, the common law doctrine of sovereign immunity prevents the state from being sued without the state's consent. *Nettles v. GTECH Corp.*, 603 S.W.3d 63, 67 (Tex. 2020). Appellees share this immunity. *See Rangel*, 595 S.W.3d at 205. The State and its agencies may be sued if the Legislature waives immunity in "clear and unambiguous language." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). The Texas Tort Claims Act ("TTCA") provides a limited waiver of the state's immunity from suit for certain negligent acts committed by governmental employees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). The TTCA waives the state's immunity for personal injuries or death caused by: (1) use of publicly-owned automobiles; (2) a condition or use of tangible personal property; and (3) premises defects. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; see Sampson, 500 S.W.3d at 384. The TTCA does not create a cause of action; it merely waives immunity "'as a bar to a suit that would otherwise exist.'" *El Paso Cnty. Water Improvement Dist. #1 v. Ochoa*, 554 S.W.3d 51, 55 (Tex. App.—El Paso 2018, no pet.) (quoting *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997)). The TTCA's waiver of immunity is applicable only if "the government unit would, were it a private person, by liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

DISCUSSION

Although Barley mentioned the trial court's granting of appellees' plea to the jurisdiction in his issues presented and the summary of the argument, Barley does not complain about or cite authority addressing the merits of the trial court's granting of appellees' plea to the jurisdiction. Rather, his argument appears to focus on whether he should have been afforded the opportunity to replead a waiver of sovereign immunity. Regardless, Barley's failure to complain about the merits of the trial court's granting of appellees' plea to the jurisdiction in his appellant's brief waives the issue. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error." (citations omitted)).

However, to the extent that Barley's briefing could be construed as a challenge the merits of the plea to the jurisdiction, we note that Barley did not plead a clear and unambiguous waiver of appellees' immunity. Specifically, Barley alleged that appellees' sovereign immunity was waived under the TTCA by negligently diagnosing his alleged injuries; negligently hiring, training, and supervising medical personnel; failing to provide proper restrictions for housing and his job; and failing to arrange surgery in a timely manner. These bare assertions do not involve the use of publicly-owned automobiles, a condition or use of tangible personal property, or a premises defect. *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see also Sampson*, 500 S.W.3d at 384.

Accordingly, we cannot say that the trial court erred by granting appellees' plea to the

jurisdiction. We overrule Barley's first issue.

## Motion for Continuance and Motion for Leave

In his second issue, Barley complains that the trial court erred by denying his

motion for continuance and motion for leave to file an amended petition to cure

jurisdictional defects pertaining to immunity.

We review the trial court's denial of leave to file a post-judgment amended

pleading for an abuse of discretion. *See Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278,

280 (Tex. 1999); *Greenhalgh v. Service Lloyds Ins. Co.*, 778 S.W.2d 938, 939 (Tex. 1990); *Menix*

*v. Allstate Indem. Co.*, 83 S.W.3d 877, 881 (Tex. App.—Eastland 2002, pet. denied). Under

Texas Rules of Civil Procedure 63 and 66, a trial court has no discretion to refuse an

amendment unless (1) the opposing party presents evidence of surprise or prejudice, or

(2) the amendment contains the assertion of a new cause of action or defense and, thus,

is prejudicial on its face, and the opposing party objects to the amendment. *Menix*, 83

S.W.3d at 881 (citing *Greenhalgh*, 787 S.W.2d at 939; *Hardin v. Hardin*, 597 S.W.2d 347, 349-

50 (Tex. 1980); *Resolution Trust Corp. v. Cook*, 840 S.W.2d 42, 46 (Tex. App.—Amarillo 1992,

writ denied); *Whole Foods Market Sw., L.P. v. Tijerina*, 979 S.W.2d 768, 775-76 (Tex. App.—

Houston [14th Dist.] 1998, pet. denied)). Ordinarily, the burden of showing prejudice or

surprise rests on the party resisting the amendment. *Greenhalgh*, 778 S.W.2d at 939.

However, "where the amendment is prejudicial on its face, the burden is on the offering party to show that the court abused its discretion by failing to permit the amendment." *Favor v. Hochheim Prairie Farm Mut. Ins. Ass'n*, 939 S.W.2d 180, 181-82 (Tex. App.—San Antonio 1996, writ denied) (citing *Greenhalgh*, 787 S.W.2d at 939 (recognizing that an amendment asserting a new cause of action or defense is prejudicial on its face); *Hardin*, 597 S.W.2d at 349 (placing the burden on the complaining party to show an abuse of discretion where the trial court refuses amendment that introduces "new substantive matter")).

Here, the trial court granted appellees' plea to the jurisdiction and dismissed Barley's claims on June 29, 2023. Barley filed his motion for continuance and motion for leave to file a third amended petition on July 14, 2023. In his motion for leave, Barley added a new claim that he was injured due to a premises defect on appellees' property—namely, he was injured lifting appellees' property while working behind steam tables. By asserting this new negligence theory against appellees, Barley's third amended petition is prejudicial on its face. As such, Barley has the burden of proving that the trial court abused its discretion by denying him leave to file his third amended petition. Barley has not met this burden. Because Barley filed his motion for leave to amend his pleadings after the trial court entered judgment dismissing his claims against appellees, we cannot

say that the trial court abused its discretion by denying Barley leave to file his third amended petition.[1] Accordingly, we overrule Barley's second issue.

## Conclusion

Having overruled both of Barley's issues on appeal, we affirm the judgment and orders of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurs.)
Affirmed
Opinion delivered and filed December 28, 2023
[CV06]



---

[1] In both his motion for continuance and his motion for leave, Barley sought additional time to cure the jurisdictional defect in his second amended pleading. Because both motions requested similar relief, and because we have concluded that the trial court did not abuse its discretion by denying Barley's motion for leave, we also conclude that the trial court did not abuse its discretion by denying Barley's motion for continuance.